# EXHIBIT A

**FELLERMAN & CIARIMBOLI LAW, P.C.**
Two Commerce Building
2112 Walnut Street
Philadelphia, PA 19103
(215) 575-9237
(570) 714-7255 (Fax)
www.215injured.com

Gregory F. Fellerman, Esquire
Attorney I.D. #81568
gff@fclawpc.com

Edward J. Ciarimboli, Esquire
Attorney I.D. #85904
ejc@fclawpc.com

Harry P. McGrath, Jr., Esquire
Attorney ID: 313332
hmcgrath@fclawpc.com



*Filed and Attested by the*
*Office of Judicial Records*
*10 AUG 2021 08:19 am*

| | | |
|---|---|---|
| **VICTOR HUGO SILVESTRE GARCIA,** | : | **IN THE COURT OF COMMON PLEAS** |
| | : | **OF PHILADELPHIA COUNTY** |
| **PLAINTIFF** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION –LAW** |
| | : | |
| **S&F LOGISTICS, LLC** | : | **JURY TRIAL DEMANDED** |
| **16360 Industrial Drive** | : | |
| **Milford, Virginia 22514** | : | |
| | : | **NO: _____** |
| **And** | : | |
| | : | |
| **John McCollum** | : | |
| **420 Joann Rd** | : | |
| **Sommerville, TN 38068** | : | |
| | : | |
| **And** | : | |
| | : | |
| **John Doe(s)** | : | |
| | : | |
| **DEFENDANTS.** | : | |

## NOTICE

You have been sued in court. If you wish to defend against the claims set forth in

the following pages, you must take action within twenty (20) days after this complaint

and notice are served, by entering a written appearance personally or by attorney and

filing in writing with the court your defenses or objections to the claims set forth against

you. You are warned that if you fail to do so the case may proceed without you and a

judgment may be entered against you by the court without further notice for any money

Case ID: 210800737

claimed in the complaint of for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

*You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.*

Philadelphia Bar Association
Lawyer Referral and Information Service
One Reading Center Philadelphia, Pennsylvania 19107
(215) 238-6333
TTY (215) 451-6197

## <u>AVISO</u>

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

*Lleve esta demanda a un abogado immediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.*

Asociacion De Licenciados
De Filadelfia
Servicio De Referencia E
Informacion Legal
One Reading Center
Filadelfia, Pennsylvania 19107
(215) 238-6333

Case ID: 210800737

**FELLERMAN & CIARIMBOLI LAW, P.C.**
Two Commerce Building
2112 Walnut Street
Philadelphia, PA 19103
(215) 575-9237
(570) 714-7255 (Fax)
www.215injured.com

Gregory F. Fellerman, Esquire
Attorney I.D. #81568
gef@fclawpc.com

Edward J. Ciarimboli, Esquire
Attorney I.D. #85904
ejc@fclawpc.com

Harry P. McGrath, Jr., Esquire
Attorney ID: 313332
hmcgrath@fclawpc.com

| | | |
|---|---|---|
| **VICTOR HUGO SILVESTRE GARCIA,** | : | **IN THE COURT OF COMMON PLEAS** |
| | : | **OF PHILADELPHIA COUNTY** |
| **PLAINTIFF** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION –LAW** |
| | : | |
| | : | **JURY TRIAL DEMANDED** |
| **S&F LOGISTICS, LLC** | : | |
| **16360 Industrial Drive** | : | |
| **Milford, Virginia 22514** | : | **NO: _____** |
| | : | |
| **And** | : | |
| | : | |
| **John McCollum** | : | |
| **420 Joann Rd** | : | |
| **Sommerville, TN 38068** | : | |
| | : | |
| **And** | : | |
| | : | |
| **John Doe(s)** | : | |
| **DEFENDANTS.** | | |

## **COMPLAINT**

**AND NOW COMES** Plaintiff, Victor Hugo Silvestre Garcia, by and through his legal counsel, Fellerman & Ciarimboli Law, P.C., to hereby complain against Defendant S&F Logistics, LLC, John McCollum, and John Doe in support thereof avers follows:

## **PARTIES**

1.      Plaintiff Victor Hugo Silvestre Garcia ("Plaintiff" or "Mr. Garcia") is a competent adult individual who resides in Matamoros, Tamaulipas, Mexico.

3

Case ID: 210800737

2.     Defendant S&F Logistics, LLC is a limited liability company with its headquarters located at 16360 Industrial Drive, Milford, Virginia 22514.

3.     Defendant S&F Logistics, LLC's motor carrier number is listed as MC-84757.

4.     John McCollum ("Mr. McCollum") is a competent adult individual who resides 420 Joann Rd., Somerville, Tennessee 38068.

5.     John Doe is a designation of a fictitious person and/or entity.  The unknown defendant acted as the shipper of the load that Mr. McCollum was hauling at the time of the collision.

6.     John Doe is a designation of a fictitious person and/or entity.  The unknown defendant acted as the broker of the load that Mr. McCollum was hauling at the time of the collision.

7.     The names of the John Doe defendants are unknown to Plaintiff after having conducted a reasonable search with due diligence.

8.     Plaintiff acted with due diligence and conducted a reasonable search to determine the actual names of the John Doe defendants.

9.     When referred to collectively, S&F Logistics, LLC, Mr. McCollum, and John Doe(s) will be referred to collectively as "Defendants."

10.     At all times relevant hereto, Defendants were or should have been authorized interstate motor carriers authorized to transport goods in interstate commerce and in the Commonwealth of Pennsylvania pursuant to one or more permits issued by the Interstate Commerce Commission and/or by the United States Department of Transportation ("USDOT").

Case ID: 210800737

11.     Accordingly, Defendants were subject to all state and federal laws, statutes regulations, and industry standards governing the hiring of safe and qualified commercial drivers, the safe maintenance and operation of commercial motor vehicles, and the safe brokering of goods in interstate commerce, including without limitation, Pennsylvania Statutes governing motor vehicles and the Federal Motor Carrier Safety Regulations ("FMCSR") set forth in subchapters A and B of Chapter III of the Code of Federal Regulations, Title 49 – Transportation.

12.     At all times relevant hereto, Mr. McCollum was a class A licensed motor vehicle operator driving a 2015 tractor trailer with VIN number 1XPBDP9X5FD267091 (hereinafter "Tractor Trailer") owned, leased, assigned, and/or operated by Defendants.

13.     Accordingly, Mr. McCollum was subject to all state and federal laws, statutes, regulations and industry standards governing the safe maintenance and operation of commercial motor vehicles and tandem trailers including, without limitation, Pennsylvania Statutes governing motor vehicles and the Federal Motor Carrier Safety Regulations set forth subchapters A and B of Chapter III of the Code of Federal Regulations, Title 49 – Transportation.

14.     At all times relevant hereto, the tractor trailer was owned, leased, assigned, and/or operated by Defendants and was being operated and/or controlled by Mr. McCollum with the consent of Defendants for the financial benefit of Defendants.

15.     At all times relevant hereto, Mr. McCollum was employed and/or contracted to perform services for and was operating the Tractor Trailer for

Case ID: 210800737

Defendants, under Defendants' USDOT operating authority, and was subject to their supervision, control or right to control, such that Defendants should be considered his actual and statutory employer and therefore vicariously liable for Mr. McCollum's negligence and recklessness.

16.     At all relevant times hereto, Mr. McCollum was the agent, servant, workman, and/or employee of Defendants and was acting in the course and scope of his employment, under the direction, control, and authority these Defendants.

17.     At all relevant times hereto, S&F Logistics, LLC and Mr. McCollum were performing work under a contract or agreement with John Doe, broker, and/or John Doe, shipper.

18.     At all relevant times hereto, Mr. McCollum was driving a Tractor Trailer owned, leased, assigned, and/or operated by Defendants.

19.     At all relevant times hereto, Defendants acted as a single entity and operated and conducted business as a single entity for transporting goods in interstate commerce.

20.     At all relevant times, Defendants were engaged in the joint undertaking of a particular transaction for mutual profit, mutual control, mutual contribution, and this joint undertaking was memorialized in contract.

21.     At all relevant times hereto, Defendants acted as a joint venture for transporting goods in interstate commerce.

22.     Accordingly, Defendants are personally liable, jointly and severally, in partnership, joint venture, or sole proprietorship for the tractor-trailer crash that caused Plaintiff to suffer permanent injuries.

Case ID: 210800737

23.    Defendants acted in a manner that either alone, combined, and/or occurring with the actions of other Defendants, directly and proximately caused the crash and the resulting injuries suffered to the Plaintiff.

24.    At all relevant times, the Federal Motor Carrier Safety Regulations apply hereto, pursuant to 67 Pa. Code §231, *et seq.*

25.    At all relevant times, Plaintiff acted with due care and in no way caused or contributed to the crash that forms the basis of the lawsuit.

26.    Plaintiff seeks damages for all harms and losses permissible under Pennsylvania law, including, but not limited to, the conscious pain and suffering, disfigurement, mental anguish, and loss of past future earnings caused by the negligence and recklessness of Defendants.

27.    At all relevant times hereto, Defendants regularly and systematically conducted business in Pennsylvania pursuant to 32 PA. C.S.A.§ 5322(1), (3).

28.    At all relevant times hereto, Defendants were registered to do business in the state of Pennsylvania such that jurisdiction is appropriate pursuant to *Webb-Benjamin, Ltd. Liab. Co. v. Int'l Rug Grp., Ltd. Co*., 192 A.3d 1133 (Pa. Super. 2018) and *Murray v. Am. LaFrance, LLC*., 2018 Pa Super 267 (Pa. Super. 2018).

29.    At all relevant times hereto, Defendants regularly and systematically used roads and paid tolls in Pennsylvania in order to realize a financial gain.

Case ID: 210800737

30.     At all relevant times hereto, as part of their logistics network, tractor trailers owned, operated, inspected, repaired and/or supervised by Defendants and/or driven by Mr. McCollum regularly and routinely passed through and made stops in Pennsylvania and in Philadelphia.

31.     At all relevant times hereto, Defendants used Pennsylvania roads, tolls and used Pennsylvania  and Philadelphia resources.

32.     Accordingly, Defendants have minimum contacts in Pennsylvania and within the Philadelphia County.

33.     At all relevant times hereto, Defendants purposefully availed themselves to Pennsylvania and Philadelphia.

34.     Venue is appropriate in this Court pursuant to Pa. R.C.P. No. 2179(a)(3).

## MATERIAL FACTS COMMON TO ALL COUNTS

35.     The preceding paragraphs are incorporated fully herein by reference.

36.     On August 12, 2019, Mr. McCollum was operating a Tractor Trailer owned, leased, assigned, and/or operated by Defendants.

37.     On August 12, 2019, at the same time, Plaintiff was operating a commercial motor vehicle and traveling north on Interstate 76 ("I-76") in Lancaster County, PA.

38.     At this date and time, Mr. McCollum was operating the Tractor Trailer on the same stretch of I-76 westbound in Pennsylvania.

Case ID: 210800737

39.     At or around the aforementioned time and date, Plaintiff was safely traveling on I-76, he was abruptly and without warning rear-ended by the Tractor Trailer driven by Mr. McCollum.

40.     According to the police report, Mr. McCollum was "following at a distance that was not reasonable or prudent to stop" and hit the driver in front of him.

41.     At all relevant times hereto, Defendant McCollum exhibited a conscious disregard for the health and safety of the motoring public by operating the Tractor Trailer while following too closely.

42.     At all times relevant hereto, Mr. McCollum operated the aforesaid Tractor Trailer in such a reckless, carless, and negligent manner, that he left such a small distance between himself and the car in front of him that he could not stop before colliding with Plaintiff's vehicle.

43.     As a result of the crash Plaintiff suffered permanent injuries as set forth in more detail below:

a. Disc herniations in the cervical spine with radiculopathy ultimately requiring a cervical fusion surgery;

b. Disc herniations in the lumbar spine;

c. Disc protrusions in the thoracic spine;

d. Bilateral intrascapular pain;

44.     At all relevant times hereto, Mr. Garcia acted in a safe, prudent, and reasonable manner and in no way contributed to his injuries or damages.

Case ID: 210800737

45.     At all relevant times, the FMCSA, as part of its Safety Management System, maintained a user-friendly website that was available to the public that tracks the registration, safety and compliance of all motor carriers that have a USDOT number, like Defendants.  The online FMCSA information also provided historical information and easy to understand explanations of how to use the site and what each category of information and score means.  The FMCSA's online public information also listed the crashes and safety violations for the last 24 months.

46.     Defendants were aware of the FMCSA website.

47.     At all relevant times, the FMCSA website contained information that should have alerted John Doe, broker, and/or John Doe, Shipper, that Defendants were unsafe motor carriers that utilized unsafe drivers and dangerous equipment.

48.     Moreover, despite Mr. McCollum's safety record, incompetence, and dangerous behavior, Defendants negligently, recklessly and with conscious disregard for the safety of the driving public operated, hired, retained, and/or assigned him to deliver goods to its customers using tractors and trailers.

49.     At all relevant times, Defendants exercised complete control over the dispatching of the tractor-trailer driven by McCollum at the time of the crash.

50.     At all relevant times, Defendants exercised complete control over the routing of the tractor-trailer driven by McCollum at the time of the crash.

51.     At all relevant times, John Doe, broker, and/or John Doe, shipper, of this load had the contractual right to and/or exercised control over the

Case ID: 210800737

transportation of the load in question to such a degree that Defendants should all be considered agents of any broker or shipper.

52.     Pursuant to Pa. R. C. P. No. 2005(b) Plaintiff has designated a John Doe, broker, and John Doe, shipper herein. At this time, the broker and the shipper are unknown to Plaintiff.

53.     The actual name of John Doe, broker, is unknown to Plaintiff after having conducted a reasonable search with due diligence. The John Doe, broker, designation is fictitious. The John Doe, broker, is the person or entity which arranges for the transportation of the goods being hauled by McCollum at the time of the crash.

54.     The actual name of John Doe, shipper, is unknown to Plaintiff after having conducted a reasonable search with due diligence. The John Doe, shipper, designation is fictitious. The John Doe, shipper, is the person or entity which contracts, with a broker or directly with the motor carrier, for the transportation of the goods being hauled by McCollum at the time of the crash.

55.     Plaintiff has filed a Motion for Pre-Complaint Discovery with requests for S&F Logistics to identify the broker and the shipper. Plaintiff has requested documents that would identify the broker and the shipper from counsel-of-record for S&F Logistics and from the insurance adjuster. At this time, the identity of John Doe, broker, and John Doe, shipper remain unknown despite these reasonable efforts by Plaintiff.

Case ID: 210800737

## COUNT 1
## VICARIOUS LIABLITY
## VICTOR SILVESTRE GARCIA v. S&F LOGISTICS, LLC AS BEING
## VICARIOUSLY LIABLE FOR JOHN MCCOLLUM

56.     The preceding paragraphs are incorporated by reference as though fully set forth herein.

57.     The negligence, carelessness, and/or recklessness of Defendant S&F Logistics, LLC, as being vicariously liable for the actions of Mr. McCollum consisted of, but are not limited to the following:

a.      Failing to maintain proper and adequate control of his Tractor Trailer;

b.      Following too closely;

c.      Failing to keep his eyes on the road at all times;

d.      Driving carelessly in violation of 75 Pa. C.S.A. §3714;

e.      Failing to pay proper attention while operating his Tractor Trailer on I-76;

f.      Failing to take proper precautions in the operation of his Tractor Trailer so as to avoid the collisions that occurred;

g.      Operating his Tractor Trailer in a negligent, careless and reckless manner without due regard for the rights and safety of Plaintiff;

h.      Failing to exercise due care and caution under all of the existing circumstances;

i.      Failing to have his Tractor Trailer under such control that it could be readily stopped, turned aside or the speed thereof slackened upon the appearance of danger;

j.      Failing to remain alert;

k.      Traveling at an excessive rate of speed under the circumstances;

l.      Violating the applicable rules, regulations and laws pertaining to the safe and proper operation of motor vehicles and/or tractor trailers;

12

Case ID: 210800737

m.   Failing to operate his Tractor Trailer in accordance with the Federal Motor Carrier Safety Regulations;

n.   Failing to properly control his Tractor Trailer in light of the circumstances then and there existing, including traffic patterns existing on the roadway;

o.   Failing to make necessary and reasonable observations while operating his Tractor Trailer;

p.   Failing to timely and properly apply his brakes;

q.   Violating FMCSA Regulation 383 dealing with required knowledge and skills;

r.   Consciously choosing to drive at an unsafe speed given the circumstances;

s.   Consciously refusing to reduce speed in response to traffic patterns then and there existing on the roadway;

t.   Consciously choosing to disregard traffic patterns then and there existing on the roadway;

u.   Violating both the written and unwritten policies, rules, guidelines and regulations of S&F Logistics, LLC;

v.   Failing to apprise himself of and/or abide by the Federal Motor Carrier Safety Regulations;

w.   Failing to apprise himself of and/or abide by the regulations and laws pertaining to the operation of commercial vehicles;

x.   Failing to properly control his Tractor Trailer unit in light of the circumstances then and there existing on the roadway;

y.   Failing to make necessary and reasonable observations while operating the Tractor Trailer;

z.   Failing to take evasive action and/or failing to take appropriate and timely evasive action to avoid the crash with the Plaintiff;

Case ID: 210800737

aa.   Violating Sections 383.110; 383.111; and 383.113 dealing with required knowledge and skill;

bb.   Violating Section 395.1 with respect to hours of service of drivers;

cc.   Making a conscious choice to drive in a fatigued condition knowing that driving in a fatigued condition impairs perception and judgment;

dd.   Failing to apprise herself of and/or abide by the Federal Motor Carrier Safety Regulations;

ee.   Failing to apprise herself of and/or abide by the regulations and laws pertaining to the operation of commercial motor vehicles;

ff.   Consciously choosing to drive over the regulated amount of hours;

gg.   Acting with a conscious disregard for the rights and safety of Plaintiff.

58.   As a result of the above-stated acts and omissions, Plaintiff has suffered such harm as has been previously stated herein.

**WHEREFORE**, Plaintiff, Victor Silvestre Garcia, seeks all damages allowed under the laws of the Commonwealth of Pennsylvania, including punitive damages, in an amount in excess of $50,000.

## COUNT 2
## NEGLIGENT and/or RECKLESS HIRING / SUPERVISION / RETENTION OF JOHN MCCOLLUM
## VICTOR SILVESTRE GARCIA v.  S&F LOGISTICS, LLC

59.   The preceding paragraphs are incorporated herein by reference as though fully set forth.

60.   Defendants had an obligation and duty to hire, retain and supervise drivers who operate its vehicles in a safe manner.

14

Case ID: 210800737

61.     Defendants had an obligation to exercise reasonable care in selecting a competent and careful driver to move the load.

62.     Plaintiff was injured as a result of an incident related to Mr. McCollum's unsafe driving.

63.     All relevant times, Defendants knew or should have known that Mr. McCollum had an unsafe history of motor vehicle violations / and criminal violations.

64.     All relevant times, Defendants are directly liable for the negligent and reckless hiring, supervision, and retention of driver John McCollum.

65.     The negligence, carelessness, and/or recklessness of Defendants in the hiring, supervision and retention of Mr. McCollum, consisted of the following:

a.      Failing to properly train, monitor and/or supervise its employees, drivers and/or agents including Mr. McCollum;

b.      Failing to train and/or properly train Mr. McCollum prior to allowing him to operate its Tractor Trailer;

c.      Hiring and/or continuing to employ Mr. McCollum despite the fact that it knew or should have known that his violation of the FMCSA hours of service made him unfit to safely operate a commercial vehicle;

d.      Hiring and/or continuing to employ Mr. McCollum despite the fact that he had a propensity for driving violations;

e.      Hiring and/or continuing to employ Mr. McCollum despite the fact that he had a propensity for violating "Rules of the Road" and FMCSR;

f.      Hiring and/or continuing to employ Mr. McCollum despite the fact that it knew or should have known that his propensity to break the vehicular rules could and/or would put the driving public at risk;

g.      Permitting Mr. McCollum to operate its Tractor Trailer when it knew or should have known that he was not properly qualified and/or trained;

Case ID: 210800737

h.     Failing to train and/or properly train Mr. McCollum prior to allowing him to operate its Tractor Trailer;

i.     Allowing Mr. Singh to operate Tractor Trailers in its possession when it knew or should have known that such operation posed a risk of danger to others lawfully on the roadway;

j.     Failing to adopt appropriate employee manuals and/or training procedures;

k.     Failing to enforce both written and unwritten policies of Defendants;

l.     Failing to ensure that its employees, drivers, and/or agents were aware of and complied with the written and unwritten policies of Defendants;

m.     Failing to implement and/or enforce an effective safety system;

n.     Failing to ensure that its management personnel and drivers were aware of the requirements and dictates of the FMCSA regulations;

o.     Failing to ensure that is employees, drivers, and/or agents complied with the provisions of the FMCSA regulations;

p.     Failing to ensure that its employees, drivers, and/or agents were aware of and complied with rules, laws and regulations pertaining to and governing the operation of commercial vehicles;

q.     Violating the applicable rules, laws, and regulations pertaining to and governing the operation of commercial vehicles;

r.     Failing to monitor and/or regulate its drivers' actions;

s.     Failing to monitor and/or regulate its drivers' hours;

t.     Failing to have an auditing system in place to audit its drivers' logs, or if a system is in place, failing to use it appropriately;

u.     Failing to use a 3rd party vendor to audit their drivers' logs, or if they did use a 3rd party vendor, failing to use it appropriately;

v.     Failing to have policy or mechanism in place to address cumulative fatigue in its drivers;

w.     Placing more emphasis on profits than on safety of its drivers and the motor public;

Case ID: 210800737

x.    Knowingly violating federal and state law regarding the responsibilities of motor carries and the operation of commercial vehicles;

y.    Failing to act upon and remedy violations of FMCSA regulation 395;

z.    Failing to act upon and remedy violations of FMCSA regulation 383;

aa.    Failing to act upon and remedy known violations of industry standards;

bb.    Acting in conscious disregard for the rights and safety of Mr. Garcia;

cc.    Failing to have appropriate policies and procedures with regard to the hiring of drivers;

dd.    Failing to follow the written and/or unwritten policies and procedures with regard to the hiring of its drivers;

ee.    Failing to have appropriate policies and procedures with regard to the monitoring of its drivers;

ff.    Failing to follow the written and/or unwritten policies and procedures with regard to the monitoring of its drivers;

gg.    Consciously disregarding federal and state law regarding the responsibilities of motor carries and the operation of commercial vehicles; and

hh.    Violating all applicable provisions of the FMCSA;

ii.    Habitually and recklessly disregarding state and federal laws and regulations and industry standards governing the safe hiring, training and retention of tractor trailer drivers, the safe operation of a motor carrier transporting goods in interstate commerce, and the safe operation of commercial motor vehicles that created a zone and culture of danger that constituted a dangerous mode of operation, which was reasonably anticipated to cause injury and death to the motoring public and created a danger to all motorists exposed to its unsafe commercial motor vehicle drivers like Mr. McCollum.

jj.    Aiding and abetting Mr. McCollum's violations under 390.13 due to their actual and constructive notice of Singh's habitual unsafe driving practices;

Case ID: 210800737

kk.   Failing to suspend, discipline, or provide remedial training to Mr. McCollum prior to the Crash despite his history of unsafe and reckless driving.

66.   As a result of the above-stated acts and omissions, Mr. Garcia has suffered such harm as has been previously stated herein.

**WHEREFORE**, Plaintiff, Victor Silvestre Garcia, seeks all damages allowed under the laws of the Commonwealth of Pennsylvania, including punitive damages, in an amount in excess of $50,000.

<u>**COUNT 3**</u>
**NEGLIGENT and/or RECKLESS HIRING / SUPERVISION / RETENTION OF S&F LOGISTICS, LLC**
<u>**VICTOR SILVESTRE GARCIA V. JOHN DOE, BROKER**</u>

67.   The preceding paragraphs are incorporated herein by reference as though fully set forth.

68.   John Doe, broker, is subject to liability for physical harm caused to third persons for its failure to exercise reasonable care to employ competent and careful carriers to transport loads, which is an activity that involves a high risk of physical harm, unless it is skillfully and carefully done.

69.   John Doe, broker, had an obligation and duty to hire, retain and supervise carriers to transport loads in a safe manner.

70.   John Doe, broker, also had an obligation and duty to exercise reasonable care in selecting a competent and careful carrier to transport loads.

71.   All relevant times, John Doe, broker, knew or should have known that S&F Logistics, LLC had an unsafe history of performing services as a motor carrier.

Case ID: 210800737

72.     At all relevant times, John Doe, broker, knew or should have known that S&F Logistics, LLC had a history of using unsafe drivers such as Mr. McCollum to move loads.

73.     In addition, John Doe, broker, was negligent in the selection of S&F Logistics, LLC as carrier because it knew or should have known that S&F Logistics, LLC was negligent in the following ways:

a.  Failing to properly train, monitor and/or supervise its employees, drivers and/or agents including Mr. McCollum;

b.  Failing to train and/or properly train Mr. McCollum prior to allowing him to operate its Tractor Trailer;

c.  Hiring and/or continuing to employ Mr. McCollum despite the fact that it knew or should have known that his violation of the FMCSA hours of service made him unfit to safely operate a commercial vehicle;

d.  Hiring and/or continuing to employ Mr. McCollum despite the fact that he had a propensity for driving violations;

e.  Hiring and/or continuing to employ Mr. McCollum despite the fact that he had a propensity for violating "Rules of the Road" and FMCSR;

f.  Hiring and/or continuing to employ Mr. McCollum despite the fact that it knew or should have known that his propensity to break the vehicular rules could and/or would put the driving public at risk;

g.  Permitting Mr. McCollum to operate its Tractor Trailer when it knew or should have known that he was not properly qualified and/or trained;

h.  Failing to train and/or properly train Mr. McCollum prior to allowing him to operate its Tractor Trailer;

i.  Allowing Mr. Singh to operate Tractor Trailers in its possession when it knew or should have known that such operation posed a risk of danger to others lawfully on the roadway;

j.  Failing to adopt appropriate employee manuals and/or training procedures;

k.  Failing to enforce both written and unwritten policies of Defendants;

l.  Failing to ensure that its employees, drivers, and/or agents were aware of and complied with the written and unwritten policies of Defendants;

Case ID: 210800737

m.  Failing to implement and/or enforce an effective safety system;

n.  Failing to ensure that its management personnel and drivers were aware of the requirements and dictates of the FMCSA regulations;

o.  Failing to ensure that is employees, drivers, and/or agents complied with the provisions of the FMCSA regulations;

p.  Failing to ensure that its employees, drivers, and/or agents were aware of and complied with rules, laws and regulations pertaining to and governing the operation of commercial vehicles;

q.  Violating the applicable rules, laws, and regulations pertaining to and governing the operation of commercial vehicles;

r.  Failing to monitor and/or regulate its drivers' actions;

s.  Failing to monitor and/or regulate its drivers' hours;

t.  Failing to have an auditing system in place to audit its drivers' logs, or if a system is in place, failing to use it appropriately;

u.  Failing to use a 3rd party vendor to audit their drivers' logs, or if they did use a 3rd party vendor, failing to use it appropriately;

v.  Failing to have policy or mechanism in place to address cumulative fatigue in its drivers;

w.  Placing more emphasis on profits than on safety of its drivers and the motor public;

x.  Knowingly violating federal and state law regarding the responsibilities of motor carries and the operation of commercial vehicles;

y.  Failing to act upon and remedy violations of FMCSA regulation 395;

z.  Failing to act upon and remedy violations of FMCSA regulation 383;

aa. Failing to act upon and remedy known violations of industry standards;

bb. Acting in conscious disregard for the rights and safety of Mr. Garcia;

cc. Failing to have appropriate policies and procedures with regard to the hiring of drivers;

Case ID: 210800737

dd. Failing to follow the written and/or unwritten policies and procedures with regard to the hiring of its drivers;

ee. Failing to have appropriate policies and procedures with regard to the monitoring of its drivers;

ff. Failing to follow the written and/or unwritten policies and procedures with regard to the monitoring of its drivers;

gg. Consciously disregarding federal and state law regarding the responsibilities of motor carries and the operation of commercial vehicles; and

hh. Violating all applicable provisions of the FMCSA;

ii. Habitually and recklessly disregarding state and federal laws and regulations and industry standards governing the safe hiring, training and retention of tractor trailer drivers, the safe operation of a motor carrier transporting goods in interstate commerce, and the safe operation of commercial motor vehicles that created a zone and culture of danger that constituted a dangerous mode of operation, which was reasonably anticipated to cause injury and death to the motoring public and created a danger to all motorists exposed to its unsafe commercial motor vehicle drivers like Mr. McCollum.

jj. Aiding and abetting Mr. McCollum's violations under 390.13 due to their actual and constructive notice of Singh's habitual unsafe driving practices;

kk. Failing to suspend, discipline, or provide remedial training to Mr. McCollum prior to the Crash despite his history of unsafe and reckless driving.

74. As a result of the above-stated acts and omissions, Mr. Garcia has suffered such harm as has been previously stated herein.

## COUNT 3
## NEGLIGENT and/or RECKLESS HIRING / SUPERVISION / RETENTION OF S&F LOGISTICS, LLC
## VICTOR SILVESTRE GARCIA V. JOHN DOE, SHIPPER

75. The preceding paragraphs are incorporated herein by reference as though fully set forth.

Case ID: 210800737

76.     John Doe, shipper, is subject to liability for physical harm caused to third persons for its failure to exercise reasonable care to employ competent and careful carriers to transport loads, which is an activity that involves a high risk of physical harm, unless it is skillfully and carefully done.

77.     John Doe, shipper, had an obligation and duty to hire, retain and supervise carriers to transport loads in a safe manner.

78.     John Doe, shipper, also had an obligation and duty to exercise reasonable care in selecting a competent and careful carrier to transport loads.

79.     All relevant times, John Doe, shipper, knew or should have known that S&F Logistics, LLC had an unsafe history of performing services as a motor carrier.

80.     At all relevant times, John Doe, shipper, knew or should have known that S&F Logistics, LLC had a history of using unsafe drivers such as Mr. McCollum to move loads.

81.     In addition, John Doe, shipper, was negligent in the selection of S&F Logistics, LLC as carrier because it knew or should have known that S&F Logistics, LLC was negligent in the following ways:

    a. Failing to properly train, monitor and/or supervise its employees, drivers and/or agents including Mr. McCollum;

    b. Failing to train and/or properly train Mr. McCollum prior to allowing him to operate its Tractor Trailer;

    c. Hiring and/or continuing to employ Mr. McCollum despite the fact that it knew or should have known that his violation of the FMCSA hours of service made him unfit to safely operate a commercial vehicle;

    d. Hiring and/or continuing to employ Mr. McCollum despite the fact that he had a propensity for driving violations;

Case ID: 210800737

e. Hiring and/or continuing to employ Mr. McCollum despite the fact that he had a propensity for violating "Rules of the Road" and FMCSR;

f. Hiring and/or continuing to employ Mr. McCollum despite the fact that it knew or should have known that his propensity to break the vehicular rules could and/or would put the driving public at risk;

g. Permitting Mr. McCollum to operate its Tractor Trailer when it knew or should have known that he was not properly qualified and/or trained;

h. Failing to train and/or properly train Mr. McCollum prior to allowing him to operate its Tractor Trailer;

i. Allowing Mr. Singh to operate Tractor Trailers in its possession when it knew or should have known that such operation posed a risk of danger to others lawfully on the roadway;

j. Failing to adopt appropriate employee manuals and/or training procedures;

k. Failing to enforce both written and unwritten policies of Defendants;

l. Failing to ensure that its employees, drivers, and/or agents were aware of and complied with the written and unwritten policies of Defendants;

m. Failing to implement and/or enforce an effective safety system;

n. Failing to ensure that its management personnel and drivers were aware of the requirements and dictates of the FMCSA regulations;

o. Failing to ensure that is employees, drivers, and/or agents complied with the provisions of the FMCSA regulations;

p. Failing to ensure that its employees, drivers, and/or agents were aware of and complied with rules, laws and regulations pertaining to and governing the operation of commercial vehicles;

q. Violating the applicable rules, laws, and regulations pertaining to and governing the operation of commercial vehicles;

r. Failing to monitor and/or regulate its drivers' actions;

s. Failing to monitor and/or regulate its drivers' hours;

t. Failing to have an auditing system in place to audit its drivers' logs, or if a system is in place, failing to use it appropriately;

Case ID: 210800737

u. Failing to use a 3rd party vendor to audit their drivers' logs, or if they did use a 3rd party vendor, failing to use it appropriately;

v. Failing to have policy or mechanism in place to address cumulative fatigue in its drivers;

w. Placing more emphasis on profits than on safety of its drivers and the motor public;

x. Knowingly violating federal and state law regarding the responsibilities of motor carries and the operation of commercial vehicles;

y. Failing to act upon and remedy violations of FMCSA regulation 395;

z. Failing to act upon and remedy violations of FMCSA regulation 383;

aa. Failing to act upon and remedy known violations of industry standards;

bb. Acting in conscious disregard for the rights and safety of Mr. Garcia;

cc. Failing to have appropriate policies and procedures with regard to the hiring of drivers;

dd. Failing to follow the written and/or unwritten policies and procedures with regard to the hiring of its drivers;

ee. Failing to have appropriate policies and procedures with regard to the monitoring of its drivers;

ff. Failing to follow the written and/or unwritten policies and procedures with regard to the monitoring of its drivers;

gg. Consciously disregarding federal and state law regarding the responsibilities of motor carries and the operation of commercial vehicles; and

hh. Violating all applicable provisions of the FMCSA;

ii. Habitually and recklessly disregarding state and federal laws and regulations and industry standards governing the safe hiring, training and retention of tractor trailer drivers, the safe operation of a motor carrier transporting goods in interstate commerce, and the safe operation of commercial motor vehicles that created a zone and culture of danger that constituted a dangerous mode of operation, which was reasonably anticipated to cause injury and death to the motoring public and created a

Case ID: 210800737

danger to all motorists exposed to its unsafe commercial motor vehicle drivers like Mr. McCollum.

jj. Aiding and abetting Mr. McCollum's violations under 390.13 due to their actual and constructive notice of Singh's habitual unsafe driving practices;

kk. Failing to suspend, discipline, or provide remedial training to Mr. McCollum prior to the Crash despite his history of unsafe and reckless driving.

82.     As a result of the above-stated acts and omissions, Mr. Garcia has suffered such harm as has been previously stated herein.

**WHEREFORE**, Plaintiff, Victor Hugo Silvestre Garcia, seeks all damages allowed under the laws of the Commonwealth of Pennsylvania, including punitive damages, in an amount in excess of $50,000.

**FELLERMAN & CIARIMBOLI LAW, P.C.**

BY:   _____

Edward J. Ciarimboli, Esq.
Harry P. McGrath, Jr., Esq.
Attorneys for Plaintiff

Dated:  August 6, 2021

25

Case ID: 210800737