## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **VICTOR HUGO SILVESTRE GARCIA,** | : | |
| | : | |
| | : | |
| *PLAINTIFF* | : | **CIVIL ACTION –LAW** |
| | : | |
| **vs.** | : | **JURY TRIAL DEMANDED** |
| | : | |
| **S&F LOGISTICS, LLC et al.,** | : | |
| | : | **NO: 5:21-cv04062-JMG** |
| *DEFENDANTS* | | |

### PLAINTIFF'S MOTION TO COMPEL RESPONSES TO WRITTEN DISCOVERY

NOW COMES Victor Hugo Silvestre Garcia, hereinafter called Plaintiff, and filed this, Plaintiff's Motion to Compel Responses to Written Discovery, and in support thereof would respectfully show the following:

### I.
### PROCEDURAL HISTORY

1.1    Plaintiff propounded written discovery to Defendants McCollum and S&F Logistics on December 6, 2021.

1.2    Defendants failed to provide substantive responses to many of Plaintiff's interrogatories and requests for production.

1.3    Plaintiff had hoped to obtain information responses to his interrogatories during Defendants' depositions, and to question them about the existence and location of responsive documents. However, Defendants did not appear to their properly noticed depositions. Now, Plaintiff must compel responses to the written discovery to obtain the information necessary to the prosecution of his case.

## II.
## ARGUMENT AND AUTHORITIES

2.1     Under Rule 26, a party may obtain discovery regarding any non-privileged matter relevant to the subject matter of the pending suit. *See* Fed. R. Civ. P. 26. The question of relevancy is "more loosely construed at the discovery stage than at the trial." *Leksi, Inc. v. Fed. Ins. Co.*, 129 F.R.D. 99, 104 (D.N.J. 1989). The discovery Plaintiff seeks to compel is relevant. Defendants have not demonstrated the basis for their objections or claims of privilege.

2.2     Defendants are obligated to object with particularity to Plaintiff's discovery requests, including stating with particularity the basis for a claim of privilege. *See id.* at 105; Fed. R. Civ. P. 33(b)(4); *Chubb Integrated Sys. v. National Bank of Wash.*, 103 F.R.D. 52, 59-60 (D.D.C. 1984) (objecting party must specifically show how the interrogatory is overbroad); *Heller v. City of Dallas*, 303 F.R.D. 466, 487 (N.D. Tex. 2014) (requiring the responding party to "describe what portions of the interrogatory or document request it is, and what portions it is not, answering or responding to based on its objections and why."). Defendants have failed to object with the requisite specificity.

2.3     Plaintiff requests that the Court overrule Defendants objections and compel Defendants to provide responses to the following discovery requests:

**Interrogatory Responses to be compelled from Defendant McCullum**

Defendant asserted six general objections at the beginning of his response, to which he referred when responding. The objections are stated verbatim as follows:

## GENERAL OBJECTIONS

1.     McCollum objects to Garcia's Interrogatories as overly broad and unduly burdensome insofar as they purport to seek documents and information that: (a) relate to matters other than those raised in the pleadings; (b) are neither relevant to this action nor likely to lead to the discovery of admissible evidence; or (c) are neither material nor necessary to the prosecution or defense of this action.

2.     McCollum objects to Garcia's Interrogatories as unreasonable and unduly burdensome as they purport to call for the disclosure of documents and information in the possession of, and more properly obtained from, other persons and/or non-parties.

3.     McCollum objects to Garcia's Interrogatories insofar as they purport to call for the disclosure of information and/or the identification or production of documents that: (a) were prepared or acquired in anticipation of litigation; (b) constitute attorney work product; (c) disclose the mental impressions, conclusions, opinions or legal theories of McCollum's attorneys; (d) contain privileged attorney-client communications; or (e) are otherwise protected from disclosure. Unless otherwise noted, McCollum's responses do not include information that is subject to the attorney-client privilege or that constitutes attorney work product.

4.     McCollum objects to Garcia's Interrogatories generally insofar as they purport to call for the disclosure of documents and information without regard to a time frame.

5.     McCollum objects to Garcia's Interrogatories generally insofar as they purport to call for the disclosure of information or the identification or production of documents that contain confidential and proprietary information and/or trade secrets.

6.     McCollum further objects to Garcia's Interrogatories as vague, ambiguous and at times undecipherable. Many terms in Garcia's Interrogatories are undefined and it is difficult and, at times, impossible to decipher what Garcia intended. In addition, many of Garcia's Interrogatories appear to have been prepared haphazardly and appear to merely incorporate questions from other cases without regard to the particular facts and circumstances of this action.

Interrogatory No. 1

Interrogatory 1.     Please state how you contend the collision in question occurred.

ANSWER:     1.     Objection. *See* General Objections 1, 2, 3, 4, and 6. Subject to, limited by and without waiving objections as to proportionality or reasonableness and its General Objections and Terms and Conditions, please see Defendant's Initial Disclosures.

The objection fails to state with specificity how the Interrogatory is overly broad or burdensome. "An objection must show specifically how an interrogatory is overly broad, burdensome or oppressive, by submitting affidavits or offering evidence which reveals the nature of the burden." *Chubb Integrated Sys. v. National Bank of Wash.*, 103 F.R.D. 52, 59-60 (D.D.C. 1984) (citing *Roesberg v. Johns-Manville Corp.,* 85 F.R.D. 292, 296–297 (E.D.Pa.1980). General objections without specific support may be waived. *See Puricelii v. Borough of Morrisville*, 136 F.R.D. 393, 396 (E.D. Pa. 1991)

As to the assertions of privilege, Rule 33 authorizes contention Interrogatories, and specifically states that contention Interrogatories are "not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact...." Fed. R. Civ. P. 33(a)(2); Since Defendants failed to appear for their properly noticed depositions, Plaintiff must obtain a response to this interrogatory.

Interrogatory No. 2

INTERROGATORY 2:    Please state the positions held, general job descriptions, and lengths of employment with Defendant S&F Logistics, LLC of John McCollum at the time of the collision in question.

ANSWER:    2.    Objection. *See* General Objections 1, 2, 3, 4, and 6. Subject to, limited by and without waiving objections as to proportionality or reasonableness and its General Objections and Terms and Conditions, please see Defendant's Initial Disclosures.

The objection fails to state with specificity how the Interrogatory is overly broad or burdensome. "An objection must show specifically how an interrogatory is overly broad, burdensome or oppressive, by submitting affidavits or offering evidence which reveals the nature of the burden." *Chubb Integrated Sys. v. National Bank of Wash.*, 103 F.R.D. 52, 59-60 (D.D.C. 1984) (citing *Roesberg v. Johns-Manville Corp.,* 85 F.R.D. 292, 296–297 (E.D.Pa.1980). General objections without specific support may be waived. *See Puricelii v. Borough of Morrisville*, 136 F.R.D. 393, 396 (E.D. Pa. 1991)

As to the assertions of privilege, the onus is on Defendant to produce evidence in support of the assertion. *See Biegas v. Quickway Carriers, Inc.*, 573 F.3d 365, 381 (6th Cir. 2009) (requiring specific and detailed evidence to show the document was prepared in anticipation of litigation). If the party asserting the privilege fails to meet its burden, the court may reject the claim of privilege. *See id*.

The employment information sought from this interrogatory is reasonably calculated to lead to the discovery of admissible evidence for Plaintiff's *respondeat superior*, negligent hiring, and negligent retention claims. Since Defendants failed to appear for their properly noticed depositions, Plaintiff must obtain a response to this interrogatory.

Interrogatory No. 3

     INTERROGATORY: 3.    Please describe any training, education, or experience concerning driving techniques or principles John McCollum has received.

     ANSWER:   3.    Objection. *See* General Objections 1, 2, 3, 4, and 6. Subject to, limited by, and without waiving objections as to proportionality or reasonableness and its General Objections and Terms and Conditions, this interrogatory calls for the disclosure of information outside of the present matter and makes no reference to a discernable time frame.

     The objection fails to state with specificity how the Interrogatory is overly broad or burdensome. "An objection must show specifically how an interrogatory is overly broad, burdensome or oppressive, by submitting affidavits or offering evidence which reveals the nature of the burden." *Chubb Integrated Sys. v. National Bank of Wash.*, 103 F.R.D. 52, 59-60 (D.D.C. 1984) (citing *Roesberg v. Johns-Manville Corp.,* 85 F.R.D. 292, 296–297 (E.D.Pa.1980). General objections without specific support may be waived. *See Puricelii v. Borough of Morrisville*, 136 F.R.D. 393, 396 (E.D. Pa. 1991)

     As to the assertions of privilege, the onus is on Defendant to produce evidence in support of the assertion. *See Biegas v. Quickway Carriers, Inc.*, 573 F.3d 365, 381 (6th Cir. 2009) (requiring specific and detailed evidence to show the document was prepared in anticipation of litigation). If the party asserting the privilege fails to meet its burden, the court may reject the claim of privilege. *See id*.

     The information sought from this interrogatory is reasonably calculated to lead to the discovery of admissible evidence. Plaintiff contends Defendant S&F failed to adequately train its driver; consequently, the full extent of training that Mr. McCollum received from driving school through his employment with S&F is relevant to assist with determining the level of initial and/or remedial training required from S&F. The employment information sought from this interrogatory

is reasonably calculated to lead to the discovery of admissible evidence for Plaintiff's *respondeat superior*, negligent hiring, and negligent retention claims.

Interrogatory No. 4

INTERROGATORY: 4.    Was John McCollum acting in the course and scope of his employment with S&F Logistics, LLC at the time of the collision made the basis of this lawsuit? If you are contending that John McCollum was not acting in the course and scope of employment for S&F Logistics, LLC at the time ofthe collision, please state exactly why you are making such contention.

ANSWER:    4.    Objection. This interrogatory calls for legal conclusions and impermissibly seeks legal strategy.

Rule 33 authorizes contention Interrogatories, and specifically states that contention Interrogatories are "not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact...." Fed. R. Civ. P. 33(a)(2); Since Defendants failed to appear for their properly noticed depositions, Plaintiff must obtain a response to this interrogatory.

Interrogatory No. 6

INTERROGATORY: 6.    Please list all traffic accidents in which John McCollum has been involved, including the location, city, county, state and any violations for which he was cited in connection with any traffic accident.

ANSWER:    6.    Objection. *See* General Objections 1, 2, 3, 4, and 6. Subject to, limited by, and without waiving objections as to proportionality or reasonableness and its General Objections and Terms and Conditions, this interrogatory calls for the disclosure of information outside of the present matter and makes no reference to a discernable time frame. Therefore, the present interrogatory is merely a fishing expedition.

The objection fails to state with specificity how the Interrogatory is overly broad or burdensome. "An objection must show specifically how an interrogatory is overly broad, burdensome or oppressive, by submitting affidavits or offering evidence which reveals the nature of the burden." *Chubb Integrated Sys. v. National Bank of Wash.*, 103 F.R.D. 52, 59-60 (D.D.C. 1984) (citing *Roesberg v. Johns-Manville Corp.,* 85 F.R.D. 292, 296–297 (E.D.Pa.1980). General objections without specific support may be waived. *See Puricelii v. Borough of Morrisville*, 136 F.R.D. 393, 396 (E.D. Pa. 1991)

As to the assertions of privilege, the onus is on Defendant to produce evidence in support of the assertion. *See Biegas v. Quickway Carriers, Inc.*, 573 F.3d 365, 381 (6th Cir. 2009) (requiring specific and detailed evidence to show the document was prepared in anticipation of litigation). If the party asserting the privilege fails to meet its burden, the court may reject the claim of privilege. *See id*.

The information sought from this interrogatory is reasonably calculated to lead to the discovery of admissible evidence. Plaintiff contends Defendant S&F negligently entrusted its vehicle to Mr. McCollum. Consequently, the full extent of Mr. McCullum's driving history is relevant.

<u>Interrogatory No. 7</u>

INTERROGATORY: 7.    Please give a description of all traffic violations for which John McCollum has been cited, including the date, city, county, state, offense alleged and ultimate disposition of such citation.

ANSWER:    7.    Objection. *See* General Objections 1, 2, 3, 4, and 6. Subject to, limited by, and without waiving objections as to proportionality or reasonableness and its General Objections and Terms and Conditions, to the extent a further response is necessary, please see response #6.

The objection fails to state with specificity how the Interrogatory is overly broad or burdensome. "An objection must show specifically how an interrogatory is overly broad, burdensome or oppressive, by submitting affidavits or offering evidence which reveals the nature of the burden." *Chubb Integrated Sys. v. National Bank of Wash.*, 103 F.R.D. 52, 59-60 (D.D.C. 1984) (citing *Roesberg v. Johns-Manville Corp.,* 85 F.R.D. 292, 296–297 (E.D.Pa.1980). General objections without specific support may be waived. *See Puricelii v. Borough of Morrisville*, 136 F.R.D. 393, 396 (E.D. Pa. 1991)

As to the assertions of privilege, the onus is on Defendant to produce evidence in support of the assertion. *See Biegas v. Quickway Carriers, Inc.*, 573 F.3d 365, 381 (6th Cir. 2009) (requiring specific and detailed evidence to show the document was prepared in anticipation of litigation). If the party asserting the privilege fails to meet its burden, the court may reject the claim of privilege. *See id*.

The information sought from this interrogatory is reasonably calculated to lead to the discovery of admissible evidence. Plaintiff contends Defendant S&F negligently entrusted its vehicle to Mr. McCollum. Consequently, the full extent of Mr. McCullum's driving history is relevant.

Interrogatory No. 10

INTERROGATORY: 10.    Do you contend that someone other than John McCollum (including but not limited to Plaintiff) did or failed to do something that contributed to the wreck made the basis of this lawsuit?  If so, please state what you claim that person did or failed to do, or how the action or inaction caused or contributed to the wreck.

ANSWER:    10.    Objection. This interrogatory calls for legal conclusions and impermissibly seeks legal strategy.

Rule 33 authorizes contention Interrogatories, and specifically states that contention Interrogatories are "not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact...." Fed. R. Civ. P. 33(a)(2); Since Defendants failed to appear for their properly noticed depositions, Plaintiff must obtain a response to this interrogatory. Since Defendants failed to appear for their properly noticed depositions, Plaintiff must obtain a response to this interrogatory.

Interrogatory No. 13

INTERROGATORY: 13.    For any cell phone used by or issued to John McCollum during the time period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck, please identify the cell phone carrier and the cell number.

ANSWER:    13.    Objection. *See* General Objections 1, 2, 3, 4, and 6. Subject to, limited by, and without waiving objections as to proportionality or reasonableness and its General Objections and Terms and Conditions, to the extent a further response is necessary, please see response #8.

For the Court's reference, the response #8 reads as follows:

ANSWER:    8.    Objection. *See* General Objections 1, 2, 3, 4, and 6. Subject to, limited by, and without waiving objections as to proportionality or reasonableness and its General Objections and Terms and Conditions, McCollum is not the proper party to answer this interrogatory. McCollum does not have specific information regarding S&F Logistics' corporate policies. As such, McCollum does not possess information regarding S&F Logistics' compliance with government reporting regulations.

The objection fails to state with specificity how the Interrogatory is overly broad or burdensome. "An objection must show specifically how an interrogatory is overly broad, burdensome or oppressive, by submitting affidavits or offering evidence which reveals the nature

of the burden." *Chubb Integrated Sys. v. National Bank of Wash.*, 103 F.R.D. 52, 59-60 (D.D.C. 1984) (citing *Roesberg v. Johns-Manville Corp.,* 85 F.R.D. 292, 296–297 (E.D.Pa.1980). General objections without specific support may be waived. *See Puricelii v. Borough of Morrisville*, 136 F.R.D. 393, 396 (E.D. Pa. 1991)

As to the assertions of privilege, the onus is on Defendant to produce evidence in support of the assertion. *See Biegas v. Quickway Carriers, Inc.*, 573 F.3d 365, 381 (6th Cir. 2009) (requiring specific and detailed evidence to show the document was prepared in anticipation of litigation). If the party asserting the privilege fails to meet its burden, the court may reject the claim of privilege. *See id*.

The information sought is reasonably calculated to lead to the discovery of admissible evidence. Cell phones contain a wealth of data, and the cell phone GPS positioning can be used to verify the accuracy of a driver's logs. The requested cell phone number and carrier will allow Plaintiff to subpoena cell phone records if such becomes necessary.

**Production Responses to be compelled from Defendant McCullum**

Defendant asserted six general objections at the beginning of his response, to which he referred when responding. The objections are stated verbatim as follows:

1.    McCollum objects to Garcia's document demands as overly broad and unduly burdensome insofar as they purport to seek documents and information that: (a) relate to matters other than those raised in the pleadings; (b) are neither relevant to this action nor likely to lead to the discovery of admissible evidence; or (c) are neither material nor necessary to the prosecution or defense of this action.

2.      McCollum objects to Garcia's Interrogatories as unreasonable and unduly burdensome as they purport to call for the disclosure of documents and information in the possession of, and more properly obtained from, other persons and/or non-parties.

3.      McCollum objects to Garcia's document demands insofar as they purport to call for the disclosure of information and/or the identification or production of documents that: (a) were prepared or acquired in anticipation of litigation; (b) constitute attorney work product; (c) disclose

the mental impressions, conclusions, opinions or legal theories of McCollum's attorneys; (d) contain privileged attorney-client communications; or (e) are otherwise protected from disclosure. Unless otherwise noted, McCollum's responses do not include information that is subject to the attorney-client privilege or that constitutes attorney work product.

4.      McCollum objects to Garcia's document demands generally insofar as they purport to call for the disclosure of documents and information without regard to a time frame.

5.      McCollum objects to Garcia's document demands generally insofar as they purport to call for the disclosure of information or the identification or production of documents that contain confidential and proprietary information and/or trade secrets.

6.      McCollum further objects to Garci's document demands as vague, ambiguous and at times undecipherable. Many terms in Garcia's document demands are undefined and it is difficult and, at times, impossible to decipher what Garcia intended. In addition, many of Garcia's document demands appear to have been prepared haphazardly and appear to merely incorporate questions from other cases without regard to the particular facts and circumstances of this action.

Request for Production No. 1

REQUEST:    1.      Any and all documents, including but not limited to invoices, repair bills or estimates, reflecting the damage to any vehicle involved in the collision in question.

RESPONSE: 1.    Objection.  *See* General Objections 1, 2, 3, 4, and 6.  Subject to, limited by, and without waiving objections as to proportionality or reasonableness or its General Terms and Conditions, McCollum awaits document production from plaintiff to answer this more

The objection fails to state with specificity how the request is overly broad or burdensome. Like on objection to an interrogatory, an objection to a request for production must specifically state the basis for the objection. *See* Fed. R. Civ. P. 34(b)(2)(B). The rules of civil procedure "dictate that a responding party must describe what portions of the interrogatory or document request it is, and what portions it is not, answering or responding to based on its objections and why." *Heller v. City of Dallas*, 303 F.R.D. 466, 487 (N.D. Tex. 2014). General objections without specific support may be waived. *See Puricelii v. Borough of Morrisville*, 136 F.R.D. 393, 396 (E.D. Pa. 1991). Moreover, Defendant failed to state whether responsive materials were being withheld based on the objection in violation of Fed. R. Civ. P. 34(b)(2)(C).

As to the assertions of privilege, the onus is on Defendant to produce evidence in support of the assertion. *See Biegas v. Quickway Carriers, Inc.*, 573 F.3d 365, 381 (6th Cir. 2009) (requiring specific and detailed evidence to show the document was prepared in anticipation of litigation). If the party asserting the privilege fails to meet its burden, the court may reject the claim of privilege. *See id*.

Request for Production No. 2

REQUEST:    2.    Any and all photographs, videotapes, or other depictions of any vehicle involved in the collision in question.

RESPONSE:    2.    Objection.  *See* General Objections 1, 2, 3, 4, and 6. Subject to, limited by, and without waiving objections as to proportionality or reasonableness or its General Terms and Conditions, to the extent a response is required, *see* response #1.

The objection fails to state with specificity how the request is overly broad or burdensome. Like on objection to an interrogatory, an objection to a request for production must specifically state the basis for the objection. *See* Fed. R. Civ. P. 34(b)(2)(B). The rules of civil procedure "dictate that a responding party must describe what portions of the interrogatory or document request it is, and what portions it is not, answering or responding to based on its objections and why." *Heller v. City of Dallas*, 303 F.R.D. 466, 487 (N.D. Tex. 2014). General objections without specific support may be waived. *See Puricelii v. Borough of Morrisville*, 136 F.R.D. 393, 396 (E.D. Pa. 1991). Moreover, Defendant failed to state whether responsive materials were being withheld based on the objection in violation of Fed. R. Civ. P. 34(b)(2)(C).

As to the assertions of privilege, the onus is on Defendant to produce evidence in support of the assertion. *See Biegas v. Quickway Carriers, Inc.*, 573 F.3d 365, 381 (6th Cir. 2009) (requiring specific and detailed evidence to show the document was prepared in anticipation of litigation). If the party asserting the privilege fails to meet its burden, the court may reject the claim of privilege. *See id*.

Request for Production No. 3

REQUEST:    3.    Any and all photographs of the scene of the collision in question.

Defendant did not respond to this request.

Request for Production No. 12

12.    Any information relating to any conviction to be used for impeachment purposes against any party, witness, and/or person with knowledge of facts named in discovery information provided to you before trial. Please include the name of the person convicted, the offense for which he or she was convicted, the year of such conviction, the court of such conviction and the sentence involved.

RESPONSE: 12.    Objection. *See* General Objections 1 2, 3, 4, and 6. Subject to, limited by, and without waiving objections as to proportionality or reasonableness or its General Objections and Terms and Conditions, McCollum does not have any such statements other than those previously produced. McCollum will supplement and/or change this response as required pursuant to the Federal Rules of Civil Procedure and local rules if any such statement is acquired.

The objection fails to state with specificity how the request is overly broad or burdensome. Like on objection to an interrogatory, an objection to a request for production must specifically state the basis for the objection. *See* Fed. R. Civ. P. 34(b)(2)(B). The rules of civil procedure "dictate that a responding party must describe what portions of the interrogatory or document request it is, and what portions it is not, answering or responding to based on its objections and why." *Heller v. City of Dallas*, 303 F.R.D. 466, 487 (N.D. Tex. 2014). General objections without specific support may be waived. *See Puricelii v. Borough of Morrisville*, 136 F.R.D. 393, 396 (E.D. Pa. 1991). Moreover, Defendant failed to state whether responsive materials were being withheld based on the objection in violation of Fed. R. Civ. P. 34(b)(2)(C).

As to the assertions of privilege, the onus is on Defendant to produce evidence in support of the assertion. *See Biegas v. Quickway Carriers, Inc.*, 573 F.3d 365, 381 (6th Cir. 2009) (requiring specific and detailed evidence to show the document was prepared in anticipation of litigation). If the party asserting the privilege fails to meet its burden, the court may reject the claim of privilege. *See id*.

This is a standard request seeking documentation that could be used to impeach a witness with evidence admissible under Fed. R. Evid. 609.

Request for Production No. 17

      REQUEST:    17.    A color copy of the front and back of John McCollum's current driver's license and any commercial license.

      RESPONSE:    17.    Objection. *See* General Objections 1 2, 3, 4, and 6. Subject to, limited by, and without waiving objections as to proportionality or reasonableness or its General Objections and Terms and Conditions, McCollum does not have any such statements other than those previously produced. McCollum will supplement and/or change this response as required pursuant to the Federal Rules of Civil Procedure and local rules if any such statement is acquired.

      The objection fails to state with specificity how the request is overly broad or burdensome. Like on objection to an interrogatory, an objection to a request for production must specifically state the basis for the objection. *See* Fed. R. Civ. P. 34(b)(2)(B). The rules of civil procedure "dictate that a responding party must describe what portions of the interrogatory or document request it is, and what portions it is not, answering or responding to based on its objections and why." *Heller v. City of Dallas*, 303 F.R.D. 466, 487 (N.D. Tex. 2014). General objections without specific support may be waived. *See Puricelli v. Borough of Morrisville*, 136 F.R.D. 393, 396 (E.D. Pa. 1991). Moreover, Defendant failed to state whether responsive materials were being withheld based on the objection in violation of Fed. R. Civ. P. 34(b)(2)(C).

      As to the assertions of privilege, the onus is on Defendant to produce evidence in support of the assertion. *See Biegas v. Quickway Carriers, Inc.*, 573 F.3d 365, 381 (6th Cir. 2009) (requiring specific and detailed evidence to show the document was prepared in anticipation of litigation). If the party asserting the privilege fails to meet its burden, the court may reject the claim of privilege. *See id*.

Request for Production No. 43

REQUEST:   43.   Any cell phone bills that would show whether or not John McCollum was using a cell phone on the date of the wreck.  This request includes, but is not limited to, cell phone bills of this lawsuit or that references Plaintiff.

RESPONSE:   43.   Objection. *See* General Objections 1 2, 3, 4, and 6. Subject to, limited by, and without waiving objections as to proportionality or reasonableness or its General Objections and Terms and Conditions, McCollum does not have any such statements other than those previously produced. McCollum will supplement and/or change this response as required pursuant to the Federal Rules of Civil Procedure and local rules if any such statement is acquired.

The objection fails to state with specificity how the request is overly broad or burdensome. Like on objection to an interrogatory, an objection to a request for production must specifically state the basis for the objection. *See* Fed. R. Civ. P. 34(b)(2)(B). The rules of civil procedure "dictate that a responding party must describe what portions of the interrogatory or document request it is, and what portions it is not, answering or responding to based on its objections and why." *Heller v. City of Dallas*, 303 F.R.D. 466, 487 (N.D. Tex. 2014). General objections without specific support may be waived. *See Puricelii v. Borough of Morrisville*, 136 F.R.D. 393, 396 (E.D. Pa. 1991). Moreover, Defendant failed to state whether responsive materials were being withheld based on the objection in violation of Fed. R. Civ. P. 34(b)(2)(C).

As to the assertions of privilege, the onus is on Defendant to produce evidence in support of the assertion. *See Biegas v. Quickway Carriers, Inc.*, 573 F.3d 365, 381 (6th Cir. 2009) (requiring specific and detailed evidence to show the document was prepared in anticipation of litigation). If the party asserting the privilege fails to meet its burden, the court may reject the claim of privilege. *See id*.

The requested records are reasonably calculated to lead to the discovery of admissible evidence. They will tend to show whether this rear-end crash was caused by cell phone use.

**Interrogatory Responses to be compelled from Defendant S&F Logistics**

Defendant asserted six general objections at the beginning of its response, to which it referred when responding. The objections are stated verbatim as follows:

1.    S&F Logistics objects to Garcia's Interrogatories as overly broad and unduly burdensome insofar as they purport to seek documents and information that: (a) relate to matters other than those raised in the pleadings; (b) are neither relevant to this action nor likely to lead to the discovery of admissible evidence; or (c) are neither material nor necessary to the prosecution or defense of this action.

2.    S&F Logistics objects to Garcia's Interrogatories as unreasonable and unduly burdensome as they purport to call for the disclosure of documents and information in the possession of, and more properly obtained from, other persons and/or non-parties.

3.    S&F Logistics objects to Garcia's Interrogatories insofar as they purport to call for the disclosure of information and/or the identification or production of documents that: (a) were prepared or acquired in anticipation of litigation; (b) constitute attorney work product; (c) disclose the mental impressions, conclusions, opinions or legal theories of S&F Logistics' attorneys; (d) contain privileged attorney-client communications; or (e) are otherwise protected from disclosure. Unless otherwise noted, S&F Logistics' responses do not include information that is subject to the attorney-client privilege or that constitutes attorney work product.

4.    S&F Logistics objects to Garcia's Interrogatories generally insofar as they purport to call for the disclosure of documents and information without regard to a time frame.

5.      S&F Logistics objects to Garcia's Interrogatories generally insofar as they purport to call for the disclosure of information or the identification or production of documents that contain confidential and proprietary information and/or trade secrets.

6.      S&F Logistics further objects to Garcia's Interrogatories as vague, ambiguous and at times undecipherable. Many terms in Garcia's Interrogatories are undefined and it is difficult and, at times, impossible to decipher what Garcia intended. In addition, many of Garcia's Interrogatories appear to have been prepared haphazardly and appear to merely incorporate questions from other cases without regard to the particular facts and circumstances of this action.

<u>Interrogatory No. 1</u>

INTERROGATORY: 1.      Please state how you contend the collision in question occurred.

ANSWER:     1.      Objection. *See* General Objections 1, 2, 3, 4, and 6. Subject to, limited by and without waiving objections as to proportionality or reasonableness and its General Objections and Terms and Conditions, please see Defendant's Initial Disclosures.

The objection fails to state with specificity how the Interrogatory is overly broad or burdensome. "An objection must show specifically how an interrogatory is overly broad, burdensome or oppressive, by submitting affidavits or offering evidence which reveals the nature of the burden." *Chubb Integrated Sys. v. National Bank of Wash.*, 103 F.R.D. 52, 59-60 (D.D.C. 1984) (citing *Roesberg v. Johns-Manville Corp.,* 85 F.R.D. 292, 296–297 (E.D.Pa.1980). General objections without specific support may be waived. *See Puricelii v. Borough of Morrisville*, 136 F.R.D. 393, 396 (E.D. Pa. 1991)

As to the assertions of privilege, Rule 33 authorizes contention Interrogatories, and specifically states that contention Interrogatories are "not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact...." Fed. R. Civ. P.

33(a)(2); Since Defendants failed to appear for their properly noticed depositions, Plaintiff must obtain a response to this interrogatory.

Interrogatory No. 2

INTERROGATORY 2:    Please state the positions held, general job descriptions, and lengths of employment with Defendant S&F Logistics, LLC of John McCollum at the time of the collision in question.

ANSWER:    2.    Objection. *See* General Objections 1, 2, 3, 4, and 6. Subject to, limited by and without waiving objections as to proportionality or reasonableness and its General Objections and Terms and Conditions, please see Defendant's Initial Disclosures.

The objection fails to state with specificity how the Interrogatory is overly broad or burdensome. "An objection must show specifically how an interrogatory is overly broad, burdensome or oppressive, by submitting affidavits or offering evidence which reveals the nature of the burden." *Chubb Integrated Sys. v. National Bank of Wash.*, 103 F.R.D. 52, 59-60 (D.D.C. 1984) (citing *Roesberg v. Johns-Manville Corp.,* 85 F.R.D. 292, 296–297 (E.D.Pa.1980). General objections without specific support may be waived. *See Puricelii v. Borough of Morrisville*, 136 F.R.D. 393, 396 (E.D. Pa. 1991)

As to the assertions of privilege, the onus is on Defendant to produce evidence in support of the assertion. *See Biegas v. Quickway Carriers, Inc.*, 573 F.3d 365, 381 (6th Cir. 2009) (requiring specific and detailed evidence to show the document was prepared in anticipation of litigation). If the party asserting the privilege fails to meet its burden, the court may reject the claim of privilege. *See id*.

The employment information sought from this interrogatory is reasonably calculated to lead to the discovery of admissible evidence for Plaintiff's *respondeat superior*, negligent hiring,

and negligent retention claims. Since Defendants failed to appear for their properly noticed depositions, Plaintiff must obtain a response to this interrogatory.

Interrogatory No. 3

INTERROGATORY: 3.    Please describe any training, education, or experience concerning driving techniques or principles John McCollum has received.

ANSWER:    3.    Objection. *See* General Objections 1, 2, 3, 4, and 6. Subject to, limited by and without waiving objections as to proportionality or reasonableness and its General Objections and Terms and Conditions, please see Defendant's Initial Disclosures.

The objection fails to state with specificity how the Interrogatory is overly broad or burdensome. "An objection must show specifically how an interrogatory is overly broad, burdensome or oppressive, by submitting affidavits or offering evidence which reveals the nature of the burden." *Chubb Integrated Sys. v. National Bank of Wash.*, 103 F.R.D. 52, 59-60 (D.D.C. 1984) (citing *Roesberg v. Johns-Manville Corp.,* 85 F.R.D. 292, 296–297 (E.D.Pa.1980). General objections without specific support may be waived. *See Puricelii v. Borough of Morrisville*, 136 F.R.D. 393, 396 (E.D. Pa. 1991)

As to the assertions of privilege, the onus is on Defendant to produce evidence in support of the assertion. *See Biegas v. Quickway Carriers, Inc.*, 573 F.3d 365, 381 (6th Cir. 2009) (requiring specific and detailed evidence to show the document was prepared in anticipation of litigation). If the party asserting the privilege fails to meet its burden, the court may reject the claim of privilege. *See id*.

The information sought from this interrogatory is reasonably calculated to lead to the discovery of admissible evidence. Plaintiff contends Defendant S&F failed to adequately train its driver; consequently, the full extent of training that Mr. McCollum received from driving school

through his employment with S&F is relevant to assist with determining the level of initial and/or remedial training required from S&F. The employment information sought from this interrogatory is reasonably calculated to lead to the discovery of admissible evidence for Plaintiff's *respondeat superior*, negligent hiring, and negligent retention claims.

Interrogatory No. 4

INTERROGATORY: 4.    Was John McCollum acting in the course and scope of his employment with S&F Logistics, LLC at the time of the collision made the basis of this lawsuit? If you are contending that John McCollum was not acting in the course and scope of employment for S&F Logistics, LLC at the time ofthe collision, please state exactly why you are making such contention.

ANSWER:    4.    Objection. This interrogatory calls for legal conclusions and impermissibly seeks legal strategy.

Rule 33 authorizes contention Interrogatories, and specifically states that contention Interrogatories are "not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact...." Fed. R. Civ. P. 33(a)(2); Since Defendants failed to appear for their properly noticed depositions, Plaintiff must obtain a response to this interrogatory.

Interrogatory No. 7

INTERROGATORY: 7.    Do you contend that someone other than John McCollum (including but not limited to Plaintiff) did or failed to do something that contributed to the wreck made the basis of this lawsuit?  If so, please state what you claim that person did or failed to do, or how the action or inaction caused or contributed to the wreck.

ANSWER:    7.    Objection. This interrogatory calls for legal conclusions and impermissibly seeks legal strategy.

Rule 33 authorizes contention Interrogatories, and specifically states that contention Interrogatories are "not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact...." Fed. R. Civ. P. 33(a)(2); Since Defendants failed to appear for their properly noticed depositions, Plaintiff must obtain a response to this interrogatory.

<u>Interrogatory No. 9</u>

INTERROGATORY: 9.        Does S&F Logistics, LLC use any type of GPS system or other computerized device (such as OmniTRACS, GeoTab, Teletrac or XATA) to monitor the movements and/or speed of its motor vehicles?  If so, please describe the system or device, including its name, what data is generated, where the data is stored, and how long the data is retained.

ANSWER:      9.        Objection. *See* General Objections 1, 2, 3, 4, and 6. Subject to, limited by, and without waiving objections as to proportionality or reasonableness and its General Objections and Terms and Conditions, to the extent a further response is necessary, please see response #3.

For the Court's reference, the response to #3 reads as follows:

ANSWER:      3.        Objection. *See* General Objections 1, 2, 3, 4, and 6. Subject to, limited by and without waiving objections as to proportionality or reasonableness and its General Objections and Terms and Conditions, please see Defendant's Initial Disclosures.

The objection fails to state with specificity how the Interrogatory is overly broad or burdensome. "An objection must show specifically how an interrogatory is overly broad, burdensome or oppressive, by submitting affidavits or offering evidence which reveals the nature of the burden." *Chubb Integrated Sys. v. National Bank of Wash.*, 103 F.R.D. 52, 59-60 (D.D.C. 1984) (citing *Roesberg v. Johns-Manville Corp.,* 85 F.R.D. 292, 296–297 (E.D.Pa.1980). General

objections without specific support may be waived. *See Puricelii v. Borough of Morrisville*, 136 F.R.D. 393, 396 (E.D. Pa. 1991)

As to the assertions of privilege, the onus is on Defendant to produce evidence in support of the assertion. *See Biegas v. Quickway Carriers, Inc.*, 573 F.3d 365, 381 (6th Cir. 2009) (requiring specific and detailed evidence to show the document was prepared in anticipation of litigation). If the party asserting the privilege fails to meet its burden, the court may reject the claim of privilege. *See id*.

Whether Defendant uses any GPS system to track its vehicles is reasonably calculated to lead to the discovery of admissible evidence. GPS information can be used to determine the veracity of driver's logs and to ascertain compliance with the hours-of-service regulations.

Interrogatory No. 11

INTERROGATORY: 11.    Identify John McCollum's direct supervisor at the time of the crash. Include in your response the name, phone number, address, and status of employment with S&F Logistics, LLC.

ANSWER:    11.    Objection. *See* General Objections 1, 2, 3, 4, and 6. Subject to, limited by and without waiving objections as to proportionality or reasonableness and its General Objections and Terms and Conditions, please see Defendant's Initial Disclosures.

The objection fails to state with specificity how the Interrogatory is overly broad or burdensome. "An objection must show specifically how an interrogatory is overly broad, burdensome or oppressive, by submitting affidavits or offering evidence which reveals the nature of the burden." *Chubb Integrated Sys. v. National Bank of Wash.*, 103 F.R.D. 52, 59-60 (D.D.C. 1984) (citing *Roesberg v. Johns-Manville Corp.,* 85 F.R.D. 292, 296–297 (E.D.Pa.1980). General

objections without specific support may be waived. *See Puricelii v. Borough of Morrisville*, 136 F.R.D. 393, 396 (E.D. Pa. 1991)

As to the assertions of privilege, the onus is on Defendant to produce evidence in support of the assertion. *See Biegas v. Quickway Carriers, Inc.*, 573 F.3d 365, 381 (6th Cir. 2009) (requiring specific and detailed evidence to show the document was prepared in anticipation of litigation). If the party asserting the privilege fails to meet its burden, the court may reject the claim of privilege. *See id*.

The information sought in this interrogatory is reasonably calculated to lead to the discovery of admissible evidence. This seeks the identity of an individual who likely has knowledge of Defendant's training and supervision of Defendant McCollum.

Interrogatory No. 12

INTERROGATORY: 12.    Identify any individuals that participated in the investigation, if any, of the subject incident.  Include in your response the name, phone number, and status of employment with S&F Logistics, LLC.

ANSWER:    12.    Objection. *See* General Objections 1, 2, 3, 4, and 6. Subject to, limited by and without waiving objections as to proportionality or reasonableness and its General Objections and Terms and Conditions, please see Defendant's Initial Disclosures.

The objection fails to state with specificity how the Interrogatory is overly broad or burdensome. "An objection must show specifically how an interrogatory is overly broad, burdensome or oppressive, by submitting affidavits or offering evidence which reveals the nature of the burden." *Chubb Integrated Sys. v. National Bank of Wash.*, 103 F.R.D. 52, 59-60 (D.D.C. 1984) (citing *Roesberg v. Johns-Manville Corp.,* 85 F.R.D. 292, 296–297 (E.D.Pa.1980). General objections without specific support may be waived. *See Puricelii v. Borough of Morrisville*, 136 F.R.D. 393, 396 (E.D. Pa. 1991)

As to the assertions of privilege, the onus is on Defendant to produce evidence in support of the assertion. *See Biegas v. Quickway Carriers, Inc.*, 573 F.3d 365, 381 (6th Cir. 2009) (requiring specific and detailed evidence to show the document was prepared in anticipation of litigation). If the party asserting the privilege fails to meet its burden, the court may reject the claim of privilege. *See id*.

The information sought in this interrogatory is reasonably calculated to lead to the discovery of admissible evidence. This seeks the identity of individuals who likely have knowledge of the circumstances surrounding the crash.

<u>Interrogatory No. 13</u>

INTERROGATORY: 13.    With respect to the load being hauled at the time of the collision, please state:

      a.    The name, address, and telephone number of the shipper;

      b.    The name, address, and telephone number of the receiver;

      c.    The name, address, and telephone number of any broker associated with the load or trip; and

      d.    The name, address, and telephone number of any other motor carriers associated with the load or trip, including any motor carriers that brokered or subcontracted or assigned the load to S&F Logistics, LLC or John McCollum.

RESPONSE:  13.    Objection. *See* General Objections 1, 2, 3, 4, and 6. Subject to, limited by and without waiving objections as to proportionality or reasonableness and its General Objections and Terms and Conditions, this interrogatory calls for the disclosure of information outside of the present matter.

The objection fails to state with specificity how the Interrogatory is overly broad or burdensome. "An objection must show specifically how an interrogatory is overly broad, burdensome or oppressive, by submitting affidavits or offering evidence which reveals the nature of the burden." *Chubb Integrated Sys. v. National Bank of Wash.*, 103 F.R.D. 52, 59-60 (D.D.C. 1984) (citing *Roesberg v. Johns-Manville Corp.,* 85 F.R.D. 292, 296–297 (E.D.Pa.1980). General objections without specific support may be waived. *See Puricelii v. Borough of Morrisville*, 136 F.R.D. 393, 396 (E.D. Pa. 1991)

As to the assertions of privilege, the onus is on Defendant to produce evidence in support of the assertion. *See Biegas v. Quickway Carriers, Inc.*, 573 F.3d 365, 381 (6th Cir. 2009) (requiring specific and detailed evidence to show the document was prepared in anticipation of litigation). If the party asserting the privilege fails to meet its burden, the court may reject the claim of privilege. *See id*.

The information sought in this interrogatory is reasonably calculated to lead to the discovery of admissible evidence. This seeks the identity of a broker or shipper, either of which may have knowledge regarding the Defendant McCollum's route and hours worked. Additionally, the answer to this interrogatory will assist with determining the identity of the John Doe defendants.

**Production Responses to be compelled from Defendant S&F Logistics**

Defendant asserted six general objections at the beginning of its response, to which it referred when responding. The objections are stated verbatim as follows:

1.      S&F Logistics objects to Garcia's document demands as overly broad and unduly burdensome insofar as they purport to seek documents and information that: (a) relate to matters other than those raised in the pleadings; (b) are neither relevant to this action nor likely to lead to the discovery of admissible evidence; or (c) are neither material nor necessary to the prosecution or defense of this action.

2.      S&F Logistics objects to Garcia's Interrogatories as unreasonable and unduly burdensome as they purport to call for the disclosure of documents and information in the possession of, and more properly obtained from, other persons and/or non-parties.

3.      S&F Logistics objects to Garcia's document demands insofar as they purport to call for the disclosure of information and/or the identification or production of documents that: (a) were prepared or acquired in anticipation of litigation; (b) constitute attorney work product; (c) disclose

the mental impressions, conclusions, opinions or legal theories of S&F Logistics' attorneys; (d) contain privileged attorney-client communications; or (e) are otherwise protected from disclosure. Unless otherwise noted, S&F Logistics' responses do not include information that is subject to the attorney-client privilege or that constitutes attorney work product.

4.      S&F Logistics objects to Garcia's document demands generally insofar as they purport to call for the disclosure of documents and information without regard to a time frame.

5.      S&F Logistics objects to Garcia's document demands generally insofar as they purport to call for the disclosure of information or the identification or production of documents that contain confidential and proprietary information and/or trade secrets.

6.      S&F Logistics further objects to Garci's document demands as vague, ambiguous and at times undecipherable. Many terms in Garcia's document demands are undefined and it is difficult and, at times, impossible to decipher what Garcia intended. In addition, many of Garcia's document demands appear to have been prepared haphazardly and appear to merely incorporate questions from other cases without regard to the particular facts and circumstances of this action.

<u>Request for Production No. 1</u>

REQUEST:    1.      Any and all documents, including but not limited to invoices, repair bills or estimates, reflecting the damage to any vehicle involved in the collision in question.

RESPONSE:  1.      Objection. *See* General Objections 1, 2, 3, 4, and 6. Subject to, limited by, and without waiving objections as to proportionality or reasonableness or its General Terms and Conditions, S&F Logistics awaits document production from plaintiff to answer this more fully. Otherwise, *see* **Exhibit A** to FRCP 26(a) disclosures.

The objection fails to state with specificity how the request is overly broad or burdensome. Like on objection to an interrogatory, an objection to a request for production must specifically state the basis for the objection. *See* Fed. R. Civ. P. 34(b)(2)(B). The rules of civil procedure "dictate that a responding party must describe what portions of the interrogatory or document request it is, and what portions it is not, answering or responding to based on its objections and why." *Heller v. City of Dallas*, 303 F.R.D. 466, 487 (N.D. Tex. 2014). General objections without specific support may be waived. *See Puricelii v. Borough of Morrisville*, 136 F.R.D. 393, 396 (E.D. Pa. 1991). Moreover, Defendant failed to state whether responsive materials were being withheld based on the objection in violation of Fed. R. Civ. P. 34(b)(2)(C).

As to the assertions of privilege, the onus is on Defendant to produce evidence in support of the assertion. *See Biegas v. Quickway Carriers, Inc.*, 573 F.3d 365, 381 (6th Cir. 2009) (requiring

specific and detailed evidence to show the document was prepared in anticipation of litigation). If the party asserting the privilege fails to meet its burden, the court may reject the claim of privilege. *See id*.

Request for Production No. 2

REQUEST:   2.   Any and all photographs, videotapes, or other depictions of any vehicle involved in the collision in question.

RESPONSE:   2.   Objection.   *See* General Objections 1, 2, 3, 4, and 6. Subject to, limited by, and without waiving objections as to proportionality or reasonableness or its General Terms and Conditions, to the extent a response is required, *see* response #1.

The objection fails to state with specificity how the request is overly broad or burdensome. Like on objection to an interrogatory, an objection to a request for production must specifically state the basis for the objection. *See* Fed. R. Civ. P. 34(b)(2)(B). The rules of civil procedure "dictate that a responding party must describe what portions of the interrogatory or document request it is, and what portions it is not, answering or responding to based on its objections and why." *Heller v. City of Dallas*, 303 F.R.D. 466, 487 (N.D. Tex. 2014). General objections without specific support may be waived. *See Puricelii v. Borough of Morrisville*, 136 F.R.D. 393, 396 (E.D. Pa. 1991). Moreover, Defendant failed to state whether responsive materials were being withheld based on the objection in violation of Fed. R. Civ. P. 34(b)(2)(C).

As to the assertions of privilege, the onus is on Defendant to produce evidence in support of the assertion. *See Biegas v. Quickway Carriers, Inc.*, 573 F.3d 365, 381 (6th Cir. 2009) (requiring specific and detailed evidence to show the document was prepared in anticipation of litigation). If the party asserting the privilege fails to meet its burden, the court may reject the claim of privilege. *See id*.

Request for Production No. 12

      REQUEST:    12.    Any  information  relating  to  any  conviction  to  be  used  for impeachment purposes against any party, witness, and/or person with knowledge of facts named in discovery information provided to you before trial.  Please include the name of the person convicted, the offense for which he or she was convicted, the year of such conviction, the court of such conviction and the sentence involved.

      RESPONSE:    12.    Subject  to,  limited  by,  and  without  waiving  objections  as  to proportionality or reasonableness or its General Objections and Terms and Conditions, S&F Logistics does not have any such statements, documents or information other than those previously produced. S&F Logistics will supplement and/or amend this response as required pursuant to the Federal Rules of Civil Procedure and local rules if any such statement is acquired.

The objection fails to state with specificity how the request is overly broad or burdensome. Like on objection to an interrogatory, an objection to a request for production must specifically state the basis for the objection. *See* Fed. R. Civ. P. 34(b)(2)(B). The rules of civil procedure "dictate that a responding party must describe what portions of the interrogatory or document request it is, and what portions it is not, answering or responding to based on its objections and why." *Heller v. City of Dallas*, 303 F.R.D. 466, 487 (N.D. Tex. 2014). General objections without specific support may be waived. *See Puricelli v. Borough of Morrisville*, 136 F.R.D. 393, 396 (E.D. Pa. 1991). Moreover, Defendant failed to state whether responsive materials were being withheld based on the objection in violation of Fed. R. Civ. P. 34(b)(2)(C).

As to the assertions of privilege, the onus is on Defendant to produce evidence in support of the assertion. *See Biegas v. Quickway Carriers, Inc.*, 573 F.3d 365, 381 (6th Cir. 2009) (requiring specific and detailed evidence to show the document was prepared in anticipation of litigation). If

the party asserting the privilege fails to meet its burden, the court may reject the claim of privilege. *See id*.

This is a standard request seeking documentation that could be used to impeach a witness with evidence admissible under Fed. R. Evid. 609.

Request for Production No. 17

REQUEST:    17.    A color copy of the front and back of McCollum current driver's license and any commercial license.

RESPONSE: 17.    Subject to, limited by, and without waiving objections as to proportionality or reasonableness or its General Objections and Terms and Conditions, S&F Logistics does not have any such statements, documents or information other than those previously produced. S&F Logistics will supplement and/or amend this response as required pursuant to the Federal Rules of Civil Procedure and local rules if any such statement is acquired.

The objection fails to state with specificity how the request is overly broad or burdensome. Like on objection to an interrogatory, an objection to a request for production must specifically state the basis for the objection. *See* Fed. R. Civ. P. 34(b)(2)(B). The rules of civil procedure "dictate that a responding party must describe what portions of the interrogatory or document request it is, and what portions it is not, answering or responding to based on its objections and why." *Heller v. City of Dallas*, 303 F.R.D. 466, 487 (N.D. Tex. 2014). General objections without specific support may be waived. *See Puricelii v. Borough of Morrisville*, 136 F.R.D. 393, 396 (E.D. Pa. 1991). Moreover, Defendant failed to state whether responsive materials were being withheld based on the objection in violation of Fed. R. Civ. P. 34(b)(2)(C).

As to the assertions of privilege, the onus is on Defendant to produce evidence in support of the assertion. *See Biegas v. Quickway Carriers, Inc.*, 573 F.3d 365, 381 (6th Cir. 2009) (requiring specific and detailed evidence to show the document was prepared in anticipation of litigation). If

the party asserting the privilege fails to meet its burden, the court may reject the claim of privilege. *See id*.

Request for Production No. 19

REQUEST: 19.    All manuals, instructions, guidelines, directives, or memoranda concerning the performance or execution of the position held by John McCollum at the time of the collision in question.

RESPONSE: 19.    Subject to, limited by, and without waiving objections as to proportionality or reasonableness or its General Objections and Terms and Conditions, S&F Logistics does not have any such statements, documents or information other than those previously produced. S&F Logistics will supplement and/or amend this response as required pursuant to the Federal Rules of Civil Procedure and local rules if any such statement is acquired.

The objection fails to state with specificity how the request is overly broad or burdensome. Like on objection to an interrogatory, an objection to a request for production must specifically state the basis for the objection. *See* Fed. R. Civ. P. 34(b)(2)(B). The rules of civil procedure "dictate that a responding party must describe what portions of the interrogatory or document request it is, and what portions it is not, answering or responding to based on its objections and why." *Heller v. City of Dallas*, 303 F.R.D. 466, 487 (N.D. Tex. 2014). General objections without specific support may be waived. *See Puricelli v. Borough of Morrisville*, 136 F.R.D. 393, 396 (E.D. Pa. 1991). Moreover, Defendant failed to state whether responsive materials were being withheld based on the objection in violation of Fed. R. Civ. P. 34(b)(2)(C).

As to the assertions of privilege, the onus is on Defendant to produce evidence in support of the assertion. *See Biegas v. Quickway Carriers, Inc.*, 573 F.3d 365, 381 (6th Cir. 2009) (requiring specific and detailed evidence to show the document was prepared in anticipation of litigation). If

the party asserting the privilege fails to meet its burden, the court may reject the claim of privilege. *See id*.

Since it is unclear whether Defendant may be withholding documents based on the objection, Defendant's objections ought to be overruled or Defendant ought to be compelled to provide a withholding statement.

Request for Production No. 26

REQUEST:    26.    All accident and/or incident reports generated by John McCollum or S&F Logistics, LLC regarding the collision at issue in this lawsuit.

RESPONSE: 26.    Subject to, limited by, and without waiving objections as to proportionality or reasonableness or its General Objections and Terms and Conditions, S&F Logistics does not have any such statements, documents or information other than those previously produced. S&F Logistics will supplement and/or amend this response as required pursuant to the Federal Rules of Civil Procedure and local rules if any such statement is acquired.

The objection fails to state with specificity how the request is overly broad or burdensome. Like on objection to an interrogatory, an objection to a request for production must specifically state the basis for the objection. *See* Fed. R. Civ. P. 34(b)(2)(B). The rules of civil procedure "dictate that a responding party must describe what portions of the interrogatory or document request it is, and what portions it is not, answering or responding to based on its objections and why." *Heller v. City of Dallas*, 303 F.R.D. 466, 487 (N.D. Tex. 2014). General objections without specific support may be waived. *See Puricelii v. Borough of Morrisville*, 136 F.R.D. 393, 396 (E.D. Pa. 1991). Moreover, Defendant failed to state whether responsive materials were being withheld based on the objection in violation of Fed. R. Civ. P. 34(b)(2)(C).

As to the assertions of privilege, the onus is on Defendant to produce evidence in support of the assertion. *See Biegas v. Quickway Carriers, Inc.*, 573 F.3d 365, 381 (6th Cir. 2009) (requiring

specific and detailed evidence to show the document was prepared in anticipation of litigation). If the party asserting the privilege fails to meet its burden, the court may reject the claim of privilege. *See id.*

Since it is unclear whether Defendant may be withholding documents based on the objection, Defendant's objections ought to be overruled or Defendant ought to be compelled to provide a withholding statement.

Request for Production No. 27

REQUEST: 27. All documents reflecting the training regarding driving and/or safety S&F Logistics, LLC provided to McCollum.

RESPONSE: 27. Subject to, limited by, and without waiving objections as to proportionality or reasonableness or its General Objections and Terms and Conditions, S&F Logistics does not have any such statements, documents or information other than those previously produced. S&F Logistics will supplement and/or amend this response as required pursuant to the Federal Rules of Civil Procedure and local rules if any such statement is acquired.

The objection fails to state with specificity how the request is overly broad or burdensome. Like on objection to an interrogatory, an objection to a request for production must specifically state the basis for the objection. *See* Fed. R. Civ. P. 34(b)(2)(B). The rules of civil procedure "dictate that a responding party must describe what portions of the interrogatory or document request it is, and what portions it is not, answering or responding to based on its objections and why." *Heller v. City of Dallas*, 303 F.R.D. 466, 487 (N.D. Tex. 2014). General objections without specific support may be waived. *See Puricelli v. Borough of Morrisville*, 136 F.R.D. 393, 396 (E.D. Pa. 1991). Moreover, Defendant failed to state whether responsive materials were being withheld based on the objection in violation of Fed. R. Civ. P. 34(b)(2)(C).

As to the assertions of privilege, the onus is on Defendant to produce evidence in support of the assertion. *See Biegas v. Quickway Carriers, Inc.*, 573 F.3d 365, 381 (6th Cir. 2009) (requiring specific and detailed evidence to show the document was prepared in anticipation of litigation). If the party asserting the privilege fails to meet its burden, the court may reject the claim of privilege. *See id*.

Since it is unclear whether Defendant may be withholding documents based on the objection, Defendant's objections ought to be overruled or Defendant ought to be compelled to provide a withholding statement.

Request for Production No. 29

REQUEST:   29.   All driver's vehicle inspection reports completed by John McCollum, for the period starting one week before the wreck and ending the day after the wreck.

RESPONSE: 29.   Subject to, limited by, and without waiving objections as to proportionality or reasonableness or its General Objections and Terms and Conditions, S&F Logistics does not have any such statements, documents or information other than those previously produced. S&F Logistics will supplement and/or amend this response as required pursuant to the Federal Rules of Civil Procedure and local rules if any such statement is acquired.

The objection fails to state with specificity how the request is overly broad or burdensome. Like on objection to an interrogatory, an objection to a request for production must specifically state the basis for the objection. *See* Fed. R. Civ. P. 34(b)(2)(B). The rules of civil procedure "dictate that a responding party must describe what portions of the interrogatory or document request it is, and what portions it is not, answering or responding to based on its objections and why." *Heller v. City of Dallas*, 303 F.R.D. 466, 487 (N.D. Tex. 2014). General objections without specific support may be waived. *See Puricelli v. Borough of Morrisville*, 136 F.R.D. 393, 396

(E.D. Pa. 1991). Moreover, Defendant failed to state whether responsive materials were being withheld based on the objection in violation of Fed. R. Civ. P. 34(b)(2)(C).

As to the assertions of privilege, the onus is on Defendant to produce evidence in support of the assertion. *See Biegas v. Quickway Carriers, Inc.*, 573 F.3d 365, 381 (6th Cir. 2009) (requiring specific and detailed evidence to show the document was prepared in anticipation of litigation). If the party asserting the privilege fails to meet its burden, the court may reject the claim of privilege. *See id*.

Since it is unclear whether Defendant may be withholding documents based on the objection, Defendant's objections ought to be overruled or Defendant ought to be compelled to provide a withholding statement.

Request for Production No. 30

REQUEST:    30.    All pretrip check lists completed by John McCollum for the period starting one week before the wreck and ending the day after the wreck.

RESPONSE: 30.    Subject to, limited by, and without waiving objections as to proportionality or reasonableness or its General Objections and Terms and Conditions, S&F Logistics does not have any such statements, documents or information other than those previously produced. S&F Logistics will supplement and/or amend this response as required pursuant to the Federal Rules of Civil Procedure and local rules if any such statement is acquired.

The objection fails to state with specificity how the request is overly broad or burdensome. Like on objection to an interrogatory, an objection to a request for production must specifically state the basis for the objection. *See* Fed. R. Civ. P. 34(b)(2)(B). The rules of civil procedure "dictate that a responding party must describe what portions of the interrogatory or document request it is, and what portions it is not, answering or responding to based on its objections and

why." *Heller v. City of Dallas*, 303 F.R.D. 466, 487 (N.D. Tex. 2014). General objections without specific support may be waived. *See Puricelli v. Borough of Morrisville*, 136 F.R.D. 393, 396 (E.D. Pa. 1991). Moreover, Defendant failed to state whether responsive materials were being withheld based on the objection in violation of Fed. R. Civ. P. 34(b)(2)(C).

As to the assertions of privilege, the onus is on Defendant to produce evidence in support of the assertion. *See Biegas v. Quickway Carriers, Inc.*, 573 F.3d 365, 381 (6th Cir. 2009) (requiring specific and detailed evidence to show the document was prepared in anticipation of litigation). If the party asserting the privilege fails to meet its burden, the court may reject the claim of privilege. *See id*.

Since it is unclear whether Defendant may be withholding documents based on the objection, Defendant's objections ought to be overruled or Defendant ought to be compelled to provide a withholding statement.

Request for Production No. 42

REQUEST:    42.    Any and all drive cam, dash cam, or in-cab video footage for the day of the subject wreck.

RESPONSE: 42.    Subject to, limited by, and without waiving objections as to proportionality or reasonableness or its General Objections and Terms and Conditions, S&F Logistics does not have any such statements, documents or information other than those previously produced. S&F Logistics will supplement and/or amend this response as required pursuant to the Federal Rules of Civil Procedure and local rules if any such statement is acquired.

The objection fails to state with specificity how the request is overly broad or burdensome. Like on objection to an interrogatory, an objection to a request for production must specifically state the basis for the objection. *See* Fed. R. Civ. P. 34(b)(2)(B). The rules of civil procedure "dictate that a responding party must describe what portions of the interrogatory or document

request it is, and what portions it is not, answering or responding to based on its objections and why." *Heller v. City of Dallas*, 303 F.R.D. 466, 487 (N.D. Tex. 2014). General objections without specific support may be waived. *See Puricelii v. Borough of Morrisville*, 136 F.R.D. 393, 396 (E.D. Pa. 1991). Moreover, Defendant failed to state whether responsive materials were being withheld based on the objection in violation of Fed. R. Civ. P. 34(b)(2)(C).

Since it is unclear whether Defendant may be withholding documents based on the objection, Defendant's objections ought to be overruled or Defendant ought to be compelled to provide a withholding statement.

Request for Production No. 46

REQUEST:    46.    Any and all documents related to John McCollum's employment with S&F Logistics, LLC.  This request includes the employee file, personnel file, disciplinary file, human resources file, accident file and any other file pertaining to Mr. McCollum.

RESPONSE: 46.    Subject to, limited by, and without waiving objections as to proportionality or reasonableness or its General Objections and Terms and Conditions, S&F Logistics does not have any such statements, documents or information other than those previously produced.  S&F Logistics will supplement and/or amend this response as required pursuant to the Federal Rules of Civil Procedure and local rules if any such statement is acquired.

The objection fails to state with specificity how the request is overly broad or burdensome. Like on objection to an interrogatory, an objection to a request for production must specifically state the basis for the objection. *See* Fed. R. Civ. P. 34(b)(2)(B). The rules of civil procedure "dictate that a responding party must describe what portions of the interrogatory or document request it is, and what portions it is not, answering or responding to based on its objections and why." *Heller v. City of Dallas*, 303 F.R.D. 466, 487 (N.D. Tex. 2014). General objections without

specific support may be waived. *See Puricelii v. Borough of Morrisville*, 136 F.R.D. 393, 396 (E.D. Pa. 1991). Moreover, Defendant failed to state whether responsive materials were being withheld based on the objection in violation of Fed. R. Civ. P. 34(b)(2)(C).

Since it is unclear whether Defendant may be withholding documents based on the objection, Defendant's objections ought to be overruled or Defendant ought to be compelled to provide a withholding statement.

Request for Production No. 47

REQUEST:    47.    Any and all documents related to the operation or travel of the vehi8cle involved in the collision for the seven (7) days preceding the date of incident and the date of incident.  These documents should include, but are not limited to, trip sheets, fuel receipts, bills of lading, telemetrics, vehicle sign-out sheets, and other vehicle use documents.

RESPONSE:    47.    Subject to, limited by, and without waiving objections as to proportionality or reasonableness or its General Objections and Terms and Conditions, S&F Logistics does not have any such statements, documents or information other than those previously produced. S&F Logistics will supplement and/or amend this response as required pursuant to the Federal Rules of Civil Procedure and local rules if any such statement is acquired.

The objection fails to state with specificity how the request is overly broad or burdensome. Like on objection to an interrogatory, an objection to a request for production must specifically state the basis for the objection. *See* Fed. R. Civ. P. 34(b)(2)(B). The rules of civil procedure "dictate that a responding party must describe what portions of the interrogatory or document request it is, and what portions it is not, answering or responding to based on its objections and why." *Heller v. City of Dallas*, 303 F.R.D. 466, 487 (N.D. Tex. 2014). General objections without specific support may be waived. *See Puricelii v. Borough of Morrisville*, 136 F.R.D. 393, 396

(E.D. Pa. 1991). Moreover, Defendant failed to state whether responsive materials were being withheld based on the objection in violation of Fed. R. Civ. P. 34(b)(2)(C).

Since it is unclear whether Defendant may be withholding documents based on the objection, Defendant's objections ought to be overruled or Defendant ought to be compelled to provide a withholding statement.

<u>Request for Production No. 51</u>

REQUEST:    51.    Provide all GPS and other electronic data and records, including but not limited to all Qualcomm Satellite Communication, GeoTab, or other tracking information showing the location of the vehicle in the incident at issue in this lawsuit for the period starting one week before the reck and ending the day after the wreck.

RESPONSE:    51.    Subject to, limited by, and without waiving objections as to proportionality or reasonableness or its General Objections and Terms and Conditions, S&F Logistics does not have any such statements, documents or information other than those previously produced. S&F Logistics will supplement and/or amend this response as required pursuant to the Federal Rules of Civil Procedure and local rules if any such statement is acquired.

The objection fails to state with specificity how the request is overly broad or burdensome. Like on objection to an interrogatory, an objection to a request for production must specifically state the basis for the objection. *See* Fed. R. Civ. P. 34(b)(2)(B). The rules of civil procedure "dictate that a responding party must describe what portions of the interrogatory or document request it is, and what portions it is not, answering or responding to based on its objections and why." *Heller v. City of Dallas*, 303 F.R.D. 466, 487 (N.D. Tex. 2014). General objections without specific support may be waived. *See Puricelii v. Borough of Morrisville*, 136 F.R.D. 393, 396 (E.D. Pa. 1991). Moreover, Defendant failed to state whether responsive materials were being withheld based on the objection in violation of Fed. R. Civ. P. 34(b)(2)(C).

Since it is unclear whether Defendant may be withholding documents based on the objection, Defendant's objections ought to be overruled or Defendant ought to be compelled to provide a withholding statement.

## III.
## CONFERENCE

3.1    On February 2, 2022, counsel for Plaintiff sent written correspondence to counsel for Defendant requesting supplementation of Defendants' discovery responses. Counsel for Defendant indicated that Defendants had not been responsive to attempts to obtain documentation and interrogatory answers. After reasonable effort, the parties were unable to resolve the discovery dispute.

## IV.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff asks the Court to Grant Plaintiff's Motion to Compel Responses to Written Discovery, and order Defendants to provide responses within 14 days of the Order Granting the Motion. Plaintiff requests any further relief, either in law or equity, to which he may show himself justly entitled.

**COWEN | RODRIGUEZ | PEACOCK**


By:    ***/s Malorie Peacock***
       Malorie Peacock
       *Pro Hac Vice*
       6243 IH-10 West, Suite 801
       San Antonio, Texas 78201
       (210) 941-1301

       And

       **FELLERMAN & CIARIMBOLI LAW, P.C.**
       Harry McGrath, Jr. Esq.
       183 Market Street, Suite 200
       Kingston, PA 18704

(570) 436-8118

## CERTIFICATE OF SERVICE

I, Malorie Peacock, Esquire, of the law firm of COWEN | RODRIGUEZ | PEACOCK, certify that I will cause a Notice of Filing of the foregoing Plaintiff's Motion to Compel the Depositions of Defendants, to be served on all parties listed on the Master Service List by electronic mail or facsimile, or by U.S. Mail where no electronic mail address or facsimile number was available.

I further certify that on June 1, 2022, the foregoing Mot Plaintiff's Motion to Compel the Depositions of Defendants, to be served on Defendants S&F Logistics, LLC, John McCollum by electronic mail and first-class mail.

**COWEN | RODRIGUEZ | PEACOCK**

By: ***/s Malorie Peacock***
Malorie Peacock
*Pro Hac Vice*
6243 IH-10 West, Suite 801
San Antonio, Texas 78201
(210) 941-1301