IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VICTOR HUGO SILVESTRE GARCIA,<br>　　　　Plaintiff, | :<br>:<br>: |
| v. | :   Civil No. 5:21-cv-04062-JMG |
| S&F LOGISTICS, *et al.*,<br>　　　　Defendants. | :<br>:<br>: |

MEMORANDUM OPINION

**GALLAGHER, J.**                                                                                                July 1, 2022

Plaintiff Victor Hugo Silvestre Garcia brings this negligence action against Defendants S&F Logistics ("S&F") and John McCollum. Argonaut Insurance Company ("Argonaut"), S&F's insurer, now moves to intervene. In the alternative, Argonaut requests that the Court stay this action. For the following reasons, Argonaut's motion is denied.

I.    STANDARD

　　A.    Intervention

Federal Rule of Civil Procedure 24 allows for intervention as of right and permissive intervention. The former applies when a party "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest." FED. R. CIV. P. 24(a)(2). Putative intervenors must satisfy four elements to prevail on a Rule 24(a)(2) motion: "(1) the application for intervention is timely; (2) the applicant has a sufficient interest in the litigation; (3) the interest may be affected or impaired, as a practical matter by the disposition of the action; and (4) the interest is not adequately represented by an existing party in the litigation." *United States v. Terr. of Virgin Islands*, 748 F.3d 514, 519 (3d Cir. 2014) (internal quotation marks

and citation omitted). "Although these requirements are intertwined, each must be met to intervene as of right." *Harris v. Pernsley*, 820 F.2d 592, 596 (3d Cir. 1987).

On the other hand, permissive intervention is proper when an applicant "has a claim or defense that shares with the main action a common question of law or fact." FED. R. CIV. P. 24(b)(1)(B). "Granting permissive intervention is discretionary." *Allied World Ins. Co. v. Kenney & McCafferty, P.C.*, No. 20-cv-00469, 2020 WL 2839098, at *3 (E.D. Pa. June 1, 2020) (citing *Terr. of Virgin Islands*, 748 F.3d at 519). In exercising this discretion, courts must "consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." *SEC v. U.S. Realty & Imp. Co.*, 310 U.S. 434, 459 (1940); *see, e.g.*, *Sch. Dist. of Phila. v. Pa. Milk Mktg. Bd.*, 160 F.R.D. 66, 67 (E.D. Pa. 1995).

**B.      Staying an Action**

"A stay is an exercise of judicial discretion, and [t]he propriety of its issue is dependent upon the circumstances of the particular case." *Da Silva v. Temple Univ. Hosp., Inc.*, 506 F. Supp. 3d 318, 322 (E.D. Pa. 2020) (internal quotation marks and citation omitted). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Id.* (internal quotation marks and citation omitted). That discretion is further guided by consideration of the following factors: "(1) the length of the requested stay; (2) the hardship that the movant would face if the stay was not granted; (3) the injury that a stay would inflict on the non-movant; and (4) whether granting a stay would streamline the proceedings by simplifying the issues and promoting judicial economy." *Brandywine Village Assocs. v. Carlino E. Brandywine, L.P.*, No. 16-5209, 2018 WL 3752876, at *3 (E.D. Pa. Aug. 8, 2018) (internal quotation marks and citation omitted).[1]

---

[1]      These so-called *Landis* factors derive their name from *Landis v. N. Am. Co.*, 299 U.S. 248 (1936).

## II.     DISCUSSION

### A.     Intervention as of Right

Argonaut first argues that it is entitled to intervene under Rule 24(a)(2). *See* Mem. at 2–5, ECF No. 38. The dispositive issue here is whether Argonaut has a "sufficient interest" in this litigation. Argonaut summarily contends that its interest "is direct, [and] not remote" because it is S&F's liability insurer. *Id.* at 4. Garcia counters that "Argonaut merely has an economic interest in the litigation, which is insufficient to justify intervention." Opp'n at 3, ECF No. 42.

"In general, a mere economic interest in the outcome of the litigation is insufficient to support a motion to intervene." *Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 366 (3d Cir. 1995) (citation omitted). Instead, an intervenor must possess "an interest relating to the property or transaction which is the subject of the action." *Liberty Mut. Ins. Co. v. Treesdale, Inc.*, 419 F.3d 216, 220 (3d Cir. 2005) (internal quotation marks and citation omitted). That interest must be "direct, as opposed to contingent or remote." *Pernsley*, 820 F.2d at 596 (internal quotation marks and citation omitted).

An insurer that contests coverage possesses merely a remote interest in claims concerning the liability of the insured. *See, e.g.*, *Cmty. Vocational Schs. of Pittsburgh, Inc. v. Mildon Bus Lines, Inc.*, No. 09-1572, 2017 WL 1376298, at *7–8 (W.D. Pa. Apr. 17, 2017). It is "the need to determine coverage [that] makes the insurer's interest too remote; in such a situation, the insurer's interest becomes contingent upon both the entry of judgment, *and* a determination of coverage." *Deskevich v. Spirit Fabs, Inc.*, No. 4:20-cv-01387, 2021 WL 880429, at *2 (M.D. Pa. Mar. 9, 2021) (emphasis in original) (citations omitted). Courts generally deny intervention as of right to insurers that deny coverage. *See id.* (collecting cases).

Argonaut denies coverage and has filed a contemporaneous declaratory judgment action to

3

that effect. *See* Mem. at 1 ("In the Declaratory Judgment Action, Argonaut seeks to disclaim coverage to these defendants due to their failure to cooperate in their defense in the case at bar."). As such, its interest "in the present litigation is contingent upon both an entry of judgment and a determination regarding coverage. Because both questions have yet to be resolved, the Court finds, at least at this stage, that [Argonaut] has not established a sufficient interest under Rule 24(a)." *Deskevich*, 2021 WL 880429, at *2; *see also, e.g.*, *Travelers Indem. Co. v. Dingwell*, 884 F.2d 629, 638 (1st Cir. 1989) ("When the insurer offers to defend the insured but reserves the right to deny coverage, . . . the insurer's interest in the liability phase of the proceeding is contingent on the resolution of the coverage issue." (citations omitted)); *Cmty. Vocational Schs.*, 2017 WL 1376298, at *7 (denying intervention as of right where insurer's "alleged interest is contingent on the outcome of two separate trials").

      **B.**    **Permissive Intervention**

Argonaut next argues that it is entitled to intervene under Rule 24(b). *See* Mem. at 5–6. The dispositive issues here are whether Argonaut's defenses present common questions of law or fact with the instant action, and whether Argonaut's intervention would unduly delay or prejudice this proceeding. As to the former issue, Argonaut notes that it "will be contesting causation and damages Plaintiff claims to have sustained in this action." *Id.* at 5. As to the latter, it maintains that "there will be no prejudice to Plaintiff as no additional discovery will be required to obtain and the trial date will remain as scheduled." *Id.* at 6. Garcia counters on both fronts, first arguing that "Argonaut's insurance coverage issue does not share a common question of law or fact with the personal injury action asserted by Plaintiff." Opp'n at 6. He further notes that intervention would "introduce extraneous arguments irrelevant to the subject matter of the pending personal injury lawsuit." *Id.* at 7.

4

The Court finds Garcia's position more persuasive. This suit simply concerns whether S&F and McCollum breached a duty of care to Garcia—not whether Argonaut owed a duty to Garcia. *See* Proposed Intervenor Answer at 14, ECF No. 38 ("Argonaut owed no duty to Plaintiff."); *cf. Treesdale*, 419 F.3d at 228 ("[T]he personal injury suits . . . have nothing to do with interpreting . . . insurance policies . . . ."); *Deskevich*, 2021 WL 880429, at *3 ("The purpose of this case is to determine whether the defendants are liable for [plaintiff's] injuries[] . . . ."); *State Farm Fire & Cas. Co. v. Worontzoff*, No. 20-0839, 2020 WL 4530704, at *3 (E.D. Pa. Aug. 6, 2020) (recognizing that an underlying tort claim and an insurer's declaratory judgment action "lack the common questions of law or fact required for permissive intervention"). Allowing Argonaut to intervene and effectively control S&F and McCollum's defense would also violate "the well-established policy that an insurer who reserves the right to deny coverage cannot control the defense of a lawsuit brought against its insured by an injured party." *Dingwell*, 884 F.2d at 639 (collecting cases). "Such intervention would . . . grant the insurer a double bite at escaping liability." *Id.* (internal quotation marks and citation omitted).

Finally, intervention is improper here because it may inject extraneous issues into this litigation and further delay its resolution. *Cf. Hoots v. Commonwealth of Pa.*, 672 F.2d 1133, 1136 (3d Cir. 1982) ("[T]he district court is well within its discretion in deciding that the applicant's contributions to the proceedings would be superfluous and that any resulting delay would be undue." (internal quotation marks omitted)). To be sure, Argonaut's cognizable interest in disclaiming coverage is protected by the declaratory judgment action that is currently pending in Virginia. *Cf. Deskevich*, 2021 WL 880429, at *3 (denying permissive intervention where "an adequate forum . . . exists should [insurer] seek to pursue its coverage dispute").

5

### C. Staying the Action

Argonaut finally requests that this Court stay the instant matter pending resolution of the declaratory judgment action in Virginia. *See* Mem. at 7–8. Garcia opposes the request, arguing, *inter alia*, that "a stay will not simplify the issues because the declaratory judgment action and this personal injury suit do not share common questions of law or fact." Opp'n at 8.

On balance, the *Landis* factors do not support the issuance of a stay here. First, Argonaut does not identify the length of the requested stay. As any prediction would be speculative, "[t]his factor counsels against granting a stay." *In re Chickie's & Pete's Wage & Hour Litig.*, No. 12-6820, 2013 WL 2434611, at *2 (E.D. Pa. June 5, 2013).

The second factor similarly counsels against a stay, as Argonaut's motion "does not describe, in even the broadest terms, what hardship [it] might endure should this litigation continue." *Bylsma v. Adams Cnty. Dist. Att'y's Off.*, No. 1:20-cv-00831, 2021 WL 8362041, at *1 (M.D. Pa. June 17, 2021).

The third factor points in the same direction. As Garcia notes, a stay would effectively "stonewall[] this matter's progression." *Sloane v. Gulf Interstate Field Servs., Inc.*, No. 4:16-cv-01571, 2017 WL 11318813, at *2 (M.D. Pa. June 7, 2017). Leaving Garcia in such a holding pattern would not serve the ends of justice. *Cf. Barnard v. Lackawanna Cnty.*, No. 3:15-2220, 2016 WL 362424, at *3 (M.D. Pa. Jan. 29, 2016).

As to the fourth and final factor, there is no indication that a stay would simplify the issues in the instant litigation or promote judicial economy.

The *Landis* factors do not support the issuance of a stay, so the Court denies Argonaut's request.

### III.     CONCLUSION

For the foregoing reasons, Argonaut's motion is hereby denied. An appropriate order follows.

BY THE COURT:


*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge