UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **VICTOR HUGO SILVESTRE GARCIA,** | : | |
| | : | |
| *PLAINTIFF* | : | CIVIL ACTION –LAW |
| | : | |
| vs. | : | JURY TRIAL DEMANDED |
| | : | |
| **S&F LOGISTICS, LLC et al.,** | : | |
| | : | NO: 5:21-cv04062-JMG |
| *DEFENDANTS* | | |

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR DISCOVERY SANCTIONS**

NOW COMES Victor Hugo Silvestre Garcia, hereinafter called "Plaintiff," and filed this, Brief in Support of Plaintiff's Motion for Discovery Sanctions, and in support thereof would respectfully show the following:

**I.
QUESTIONS PRESENTED**

Question 1:   Are discovery sanctions warranted by Defendants' failure to comply with the Court's discovery orders?

Answer 1:   Yes.

**II.
ARGUMENTS AND AUTHORITIES**

2.1   The discovery requirements of Federal Rules of Civil Procedure were designed to facilitate the disclosure of all relevant evidence. "When a party seeks to frustrate this design by disobeying discovery orders, thereby preventing disclosure of facts essential to an adjudication on the merits, severe sanctions are appropriate." *Rates Tech., Inc. v. Mediatrix Telecom, Inc.*, 688 F.3d 742, 747 (Fed. Cir. 2012) (citing *Daval Steel Prods. v. M/V Fakredine,* 951 F.2d 1357, 1365

(2d Cir.1991)). Sanctions "must be applied diligently both to penalize those whose conduct may be deemed to warrant such a sanction, [and] to deter those who might be tempted to such conduct in the absence of such deterrent." *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 763–64, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980).

  2.2 The court may sanction a party for failing to comply with a court order. *See* Fed. R. Civ. P. 37(b). Similarly, if a party fails to answer interrogatories or appear for a deposition, the court may impose sanctions. *See id*. at 37(d). Appropriate sanctions may include:

  i. Directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
  ii. Prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
  iii. Striking pleadings in whole or in part;
  iv. Staying further proceedings until the order is obeyed;
  v. Dismissing the action or proceeding in whole or in part; [or]
  vi. Rendering a default judgment against the disobedient part. . . .

*Id*. at 37(b)(2)(A); 37(d)(3).

  2.3 When evaluating which sanction to impose, courts consider the following factors:

  i. the extent of the party's personal responsibility;
  ii. a history of dilatoriness;
  iii. whether the attorney's or party's conduct was willful or in bad faith;
  iv. meritoriousness of the claim (*i.e.,* whether the allegations in the pleadings support recovery);
  v. prejudice to the other party; and
  vi. appropriateness of alternative sanctions.

*Ali v. Sims*, 788 F.2d 954, 957 (3d Cir. 1986).

  2.4 In this case, Defendants have failed to provide substantive responses to Plaintiff's discovery requests. For the last two weeks, Defendants have failed to comply with their discovery obligations in violation of the Court's Order compelling them to provide responses by July 13, 2022. Moreover, Defendants failed to appear for their properly noticed depositions, and failed to

comply with the Court's order mandating Defendants to appear for deposition within twenty-one days of the signing of the order. Defendants' multiple violations of the Court's Order can only be considered willful. "[A]s soon as a pattern of noncompliance with the court's discovery orders emerges, the judge is entitled to act with swift decision." *Newman v. Metro. Pier & Exposition Auth.*, 962 F.2d 589, 591 (7th Cir. 1992).

2.5     Since Defendants' conduct has prevented the disclosure of facts essential to an adjudication on the merits, Plaintiff would be unfairly prejudiced if he were required to proceed to trial against Defendants armed with their affirmative defenses. Defendants have asserted seventeen affirmative defenses. *See* ECF No. 16. Defendants discovery abuse has prevented Plaintiff from conducting meaningful discovery to determine the basis for these defenses.

2.6     Considering Defendants' violation of the Court's discovery orders, proper sanctions for Defendants conduct include prohibiting Defendants from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; striking Defendants' pleadings in whole or in part; or rendering a default judgment against Defendants. *Newman v. Metro. Pier & Exposition Auth.*, 962 F.2d 589, 591 (7th Cir. 1992) ("A plaintiff's failure to comply with discovery orders is properly sanctioned by dismissal of the suit, a defendant's by entry of a default judgment."). "[A]s soon as a pattern of noncompliance with the court's discovery orders emerges, the judge is entitled to act with swift decision." *Id.*

2.7     Plaintiff respectfully requests that the Court issue an order striking Defendants' pleadings in whole and rendering a default judgment against Defendants. Alternatively, Plaintiff requests that the Court prohibit Defendants from supporting their affirmative defenses.

## III.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff asks the Court to Grant Plaintiff's Motion for Discovery Sanctions, and grant Plaintiff any further relief, either in law or equity, to which he may show himself justly entitled.

**COWEN | RODRIGUEZ | PEACOCK**

By: */s Malorie Peacock*
Malorie Peacock
*Pro Hac Vice*
6243 IH-10 West, Suite 801
San Antonio, Texas 78201
(210) 941-1301

And

**FELLERMAN & CIARIMBOLI LAW, P.C.**
Harry McGrath, Jr. Esq.
183 Market Street, Suite 200
Kingston, PA 18704
(570) 436-8118

## CERTIFICATE OF SERVICE

I, Malorie Peacock, Esquire, of the law firm of COWEN | RODRIGUEZ | PEACOCK, certify that I will cause a Notice of Filing of the foregoing Brief in Support of Plaintiff's Motion for Discovery Sanctions, to be served on all parties listed on the Master Service List by electronic mail or facsimile, or by U.S. Mail where no electronic mail address or facsimile number was available.

I further certify that on July 28, 2022, the foregoing Brief in Support of Plaintiff's Motion for Discovery Sanctions, was served on Defendants S&F Logistics, LLC, John McCollum by electronic mail and first-class mail.

                                          **COWEN | RODRIGUEZ | PEACOCK**

By:    ***/s Malorie Peacock***
          Malorie Peacock
          *Pro Hac Vice*
          6243 IH-10 West, Suite 801
          San Antonio, Texas 78201
          (210) 941-1301