**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

| | |
|---|---|
| VICTOR HUGO SILVESTRE GARCIA, | : |
| Plaintiff, | : |
| | : |
| v. | :    Civil No. 5:21-cv-04062-JMG |
| | : |
| S&F LOGISTICS, *et al.*, | : |
| Defendants. | : |

---

## MEMORANDUM OPINION

**GALLAGHER, J.**                                                    **October 24, 2022**

## I.      OVERVIEW

Plaintiff moved for discovery sanctions due to Defendants' failure to comply with the Court's discovery orders. Defendants John McCollum and S&F Logistics, LLC. have failed to appear for depositions, never supplemented discovery responses, and have been uncooperative with their own counsel for months of this litigation. The Court finds sanctions are warranted. Default judgment on liability is entered against Defendants.

## II.      BACKGROUND

Plaintiff Victor Hugo Silvestre Garcia alleges claims of negligence arising from a tractor trailer accident. Plaintiff brings suit against Defendants John McCollum, S&F Logistics, LLC., and John Doe(s).[1] Plaintiff submits Defendant S&F Logistics employed Defendant McCollum to operate tractor trailers at the time of the accident.

---

[1] Plaintiff sues two John Does, designations of fictitious persons and/or entities acting as both the shipper and the broker of the load Defendant McCollum hauled at the time of the collision. ECF No. 1-1 ¶¶ 5, 6.

Plaintiff contends he drove a motor vehicle north on I-76.  ECF No. 1-1 ¶ 39.  Defendant

McCollum drove a tractor trailer on the same stretch of I-76 as Plaintiff.  *Id.* ¶ 38.  Plaintiff submits

he "acted in a safe, prudent, and reasonable manner" while driving down the highway.  *Id.* ¶ 44.

On the other hand, Plaintiff alleges Defendant McCollum "abruptly and without warning rear-

ended" him as he drove.  *Id.* ¶ 39.  Plaintiff contends the accident resulted from Defendant

McCollum's "reckless, car[e]less, and negligent" operation of the tractor trailer, such that he "left

such a small distance between himself and the car in front of him that he could not stop before

colliding with Plaintiff's vehicle."  *Id.* ¶ 42.  At the time of the collision, Defendant McCollum

acted under the supervision and employment of Defendant S&F Logistics and within the scope of

his employment.  *Id.* ¶ 15, 16.  Defendant S&F Logistics also owned the tractor trailer driven by

Defendant McCollum in the collision.  *Id.* ¶¶ 14, 18.

As a result of the tractor trailer accident, Plaintiff alleges he "suffered permanent injuries

. . . [such as]: [d]isc herniations in the cervical spine with radiculopathy ultimately requiring a

cervical fusion surgery; disc herniations in the lumbar spine; disc protrusions in the thoracic spine;

[and] bilateral intrascapular pain[.]"  *Id.* ¶ 43.

Plaintiff brings three claims against Defendants.  First, Plaintiff alleges Defendant S&F

Logistics is vicariously liable and acted "negligen[tly], careless[ly], and reckless[ly]" concerning

the actions of their employee, Defendant McCollum.[2]  Next, Plaintiff claims Defendant S&F

---

[2]   *Id.* ¶ 57.  Specifically, Plaintiff alleges Defendant S&F Logistics is vicariously liable for
Defendant McCollum's following actions, *inter alia*:

> Failing to maintain proper and adequate control of his Tractor Trailer; [f]ollowing
> too closely; [f]ailing to keep his eyes on the road at all times; . . . [f]ailing to have
> his Tractor Trailer under such control that it could be readily stopped, turned aside
> or the speed thereof slackened upon the appearance of danger; . . . [t]raveling at an
> excessive rate of speed under the circumstances; [v]iolating the applicable rules,
> regulations and laws pertaining to the safe and proper operation of motor vehicles

Logistics negligently and recklessly hired, supervised, and retained Defendant McCollum. *Id.* at 14. Plaintiff alleges Defendant S&F Logistics is liable for Defendant McCollum's actions because the accident took place within the course of Defendant McCollum's employment.[3] And Defendant S&F Logistics "knew or should have known that Mr. McCollum had an unsafe history of motor vehicle violations [] and criminal violations." *Id.* ¶ 63. Lastly, Plaintiff alleges the two unknown broker and shipping entities negligently or recklessly hired, supervised, and retained Defendant S&F Logistics.[4]

The Parties began the discovery process in 2021. Plaintiff noticed the depositions of Defendant McCollum and a 30(b)(6) corporate representative of Defendant S&F Logistics for March 21, 2022. ECF No. 46 at 1. Neither Defendant McCollum nor Defendant S&F Logistics' corporate representative attended their respective noticed deposition. *Id.*

On June 7, 2022, Plaintiff moved to compel the depositions of Defendant S&F Logistics and Defendant McCollum. *See* ECF Nos. 32, 33. Plaintiff also moved to compel discovery responses from Defendants McCollum and S&F Logistics, including interrogatory responses and production responses and requests. *See generally* ECF No. 34. On June 22, 2022, this Court

---

and/or tractor trailers; . . . [f]ailing to timely and properly apply his brakes; . . .
[v]iolating both the written and unwritten policies, rules, guidelines and regulations
of S&F Logistics, LLC; . . . [and] driv[ing] in a fatigued condition.

*Id.*

[3] *Id.* ¶ 16. Plaintiff further alleges Defendant S&F Logistics "negligen[tly], careless[ly], and/or reckless[ly]" employed Defendant McCollum by, *inter alia*: failing to properly train, monitor, and supervise its employees, including Mr. McCullum; continuing to employ Mr. McCollum despite a propensity to commit driving violations; and failing to provide any remedial steps concerning Mr. McCollum's record of unsafe and reckless driving. *Id.* ¶ 65.

[4] *Id.* at 18-25. At the time Plaintiff filed his Motion for Sanctions, the shipper and broker identities remain unknown. Plaintiff did not address the shipper and broker entities in their Motion for Sanctions. *See* ECF No. 46.

granted Plaintiff's Motions to compel depositions and ordered Defendant McCollum and a corporate representative from Defendant S&F Logistics to be deposed within twenty-one (21) days.  ECF No. 41.  The Court also granted Plaintiff's Motion to compel discovery responses and ordered Defendants to supplement their responses to Plaintiff's requests for production of documents and interrogatories within twenty-one (21) days.  *Id.*

In violation of this Court's Order, Defendants failed to provide additional responses to Plaintiff's discovery requests.  Defendants McCollum and S&F Logistics also failed to appear for depositions—by the Court's deadline and to this day.

Plaintiff then filed a Motion for Sanctions against Defendants.[5]  Plaintiff contends "Defendants' multiple violations of the Court's Order can only be considered willful."  ECF No. 46 at 3.  Plaintiff also argues "Defendants' conduct has prevented the disclosure of facts essential to an adjudication on the merits, [so] Plaintiff would be unfairly prejudiced if he were required to proceed to trial."  *Id.*  Therefore, Plaintiff requests the Court enter default judgment against Defendants McCollum and S&F Logistics.  *Id.*

Counsel for Defendants do not dispute Defendant McCollum and a corporate representative of Defendant S&F Logistics failed to appear for depositions despite the Court's Order.  ECF No. 48 ¶ 14.  Moreover, counsel for Defendants admit their "difficulties establishing and maintaining communication with both McCollum and a representative on behalf of S&F" since early March of 2022.  *Id.* ¶ 13.  Nevertheless, while counsel for Defendants acknowledge nonappearance for depositions is a "handicap[,]" they contend "it is . . . not a case-dispositive handicap."  *Id.* ¶ 21. Counsel for Defendants argue Defendants initially provided adequate information to Plaintiffs

---

[5] *See generally* ECF No. 46.  The Court notes Plaintiff moves for sanctions concerning Defendant John McCollum and Defendant S&F Logistics.  *See supra* note 4.

because Defendants "provided the insurance carrier with information and documentation detailing the incident." *Id.* ¶ 14.  So counsel for Defendants contends any prejudice resulting from Defendants' nonappearance could be rectified by lesser sanctions than entering default judgment. More specifically, Defendants contend the Court should preclude Defendants from contesting negligence liability because their violations of discovery orders "do[] not impede [Plaintiff] Garcia's ability to establish the evidence necessary to provide Garcia's allegations of causation and extent of his injuries." *Id.* ¶ 26.

The Court held a telephone conference on September 7, 2022 to address Defendant McCollum and Defendant S&F Logistics' failures to appear and supplement discovery. *See* ECF No. 50.  Counsel for Defendants again acknowledged the difficulty of communicating with Defendant McCollum and representatives from Defendant S&F Logistics.

## III.    STANDARD

"Generally, trial courts have wide discretion in fashioning remedies, including sanctions, where appropriate in the event of discovery disputes or violations of orders." *McNulty v. Middle E. Forum*, No. 19-5029, 2020 WL 7769737, at *2 (E.D. Pa. Dec. 30, 2020) (citation omitted). Where a party "fails to obey an order to provide or permit discovery," a court "may find a party in civil contempt and impose sanctions." Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii); *Grant Heilman Photography, Inc. v. Pearson Educ., Inc.*, No. 11-4649, 2018 U.S. Dist. LEXIS 88835 at *6 (E.D. Pa. May 29, 2018).

A court may issue sanctions ranging from rendering a default judgment to "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence." Fed. R. Civ. P. 37(b)(A)(i)-(vii).  *See also Wolfson-Verrichia Group v. Metro Commer. Real Estate*, No. 508-cv-4997, 2012 U.S. Dist. LEXIS 203807 at *13

(E.D. Pa. Jan. 9, 2012) ("[a]ppropriate sanctions for violation of a court order or Rule 26 disclosure obligations may include staying further proceedings until the order is obeyed, prohibiting the disobedient party from introducing certain evidence, directing that certain facts be taken as established for purposes of the action, or even striking the pleadings in whole or in part.").  "The choice of an appropriate sanction generally is committed to the sound discretion of the district court."  *DiGregorio v. First Rediscount Corp.*, 506 F.2d 781, 788 (3d. Cir. 1974).

In deciding whether sanctions precluding a party of their right to proceed with or defend against a claim are warranted, the U.S. Court of Appeals for the Third Circuit instructs district courts to consider the following factors: "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary; (3) whether there has been a history of dilatoriness; (4) whether the conduct of the party or attorney was willful or in bad faith; (5) the effectiveness of alternative sanctions; and (6) the meritoriousness of the claim or defense." *Ramada Worldwide, Inc. v. Anita Nguyen, LLC*, No. 11-921, 2012 U.S. Dist. LEXIS 53855 at *6-7 (D. N.J. Jan. 10, 2012) (citing *Poulis v. State Farm & Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984)).  *See also Royette v. Russell*, 2022 U.S. Dist. LEXIS 59295 at *6 (D. V.I. Jan. 21, 2022).  And dismissal, while available, "must be a sanction of last, not first, resort." *Rawls v. Gibbs*, 741 F. App'x 108, 109 (3d Cir. 2018) (internal quotation marks and citation omitted).

## IV.    DISCUSSION

In their Motion for Sanctions, Plaintiff requests the Court strike Defendants' pleadings in whole and render default judgment against them because Defendants failed to comply with discovery obligations.  Specifically, Plaintiff finds each Defendant: (1) violated the Court's Order compelling additional discovery responses by July 13, 2022; (2) failed to appear for properly noticed depositions; and (3) failed to comply with the Court's Order mandating Defendants' appear

within twenty-one (21) days of the signing of the Order.  ECF No. 46-1 at 3.  Plaintiff finds these violations are willful.  *Id.*  Plaintiff also asserts Defendants' nonappearance and failure to supplement discovery prevented the disclosure of facts essential for adjudication on the merits—resulting in unfair prejudice to the Plaintiff.  *Id.*

Counsel for Defendants rebuts that although Defendants did not show up for depositions, they previously informed Plaintiff of insurance carrier information detailing the incident.  ECF No. 48 ¶ 14.  So, although counsel for Defendants have had difficulties establishing and maintaining communication with both Defendants, they argue Defendants provided Plaintiff with sufficient information to prevent prejudice.  *Id.* ¶¶ 14-15.  Therefore, Defendants contend a lesser sanction than default would suffice.  As an alternative to default, Defendants suggest precluding Defendants from contesting negligence liability.  *Id.* ¶ 26.

In *Poulis v. State Farm & Casualty Co.*, the U.S. Court of Appeals for the Third Circuit put forward factors district courts shall consider when deciding whether sanctions precluding a party of their right to proceed with or defend against a claim are warranted.  747 F.2d 863, 868 (3d Cir. 1984).  Thus, to consider whether sanctions are appropriate against Defendants, this Court must address the following factors:  "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary; (3) whether there has been a history of dilatoriness; (4) whether the conduct of the party or attorney was willful or in bad faith; (5) the effectiveness of alternative sanctions; and (6) the meritoriousness of the claim or defense." *Ramada Worldwide, Inc. v. Anita Nguyen, LLC*, No. 11-921, 2012 U.S. Dist. LEXIS 53855 at *6-7 (D. N.J. Jan. 10, 2012) (citing *Poulis*, 747 F.2d at 868).  But the U.S. Court of Appeals for the Third Circuit has found "it is not necessary that all of the [Poulis] factors point toward a default." *Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 919 (3d Cir. 1992).  The Court considers these factors in seriatim.

7

"The first factor asks whether the party himself, as opposed to the party's counsel, bears personal responsibility for the action or inaction." *Cox v. UPS*, 753 Fed. Appx. 103, 105 (3d Cir. 2018) (internal quotation marks and citation omitted). Here, the parties are personally responsible for their nonappearance and lack of communication. While counsel has promptly acted throughout the course of this litigation, the parties themselves have been consistently absent for over six months. Counsel for Defendants admit difficulties in establishing and maintaining communication since March 8, 2022. And Defendants present no evidence anyone other than the Defendants are responsible. Thus, this factor weighs in favor of Plaintiff's request for default.

As to the second factor, "[p]rejudice . . . includes deprivation of information through noncooperation with discovery, and costs expended obtaining court orders to force compliance with discovery." *Adams v. Trs. of N.J. Brewery Emps.' Pension Tr. Fund*, 29 F.3d 863, 874 (3d Cir. 1994) (citation omitted). "[P]rejudice is not limited to 'irremediable' or 'irreparable' harm." *Briscoe v. Klaus*, 538 F.3d 252, 259 (3d Cir. 2008) (citations omitted). "It also includes 'the burden imposed by impending a party's ability to prepare effectively a full and complete trial strategy." *Id.* (citing *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003)). As noted above, Plaintiffs argue they have been deprived of necessary information. It is likely Defendants absence has prejudiced Plaintiff, as Defendants have not appeared for depositions, nor have they supplemented responses to Plaintiff's request of production and interrogations. *See Beale v. Wetzel*, No. CV 13-15 ERIE, 2016 WL 6573854, at *2 (W.D. Pa. Nov. 7, 2016) (finding a plaintiff had been prejudiced by their inability to depose a defendant in the action). Defendants' absence particularly impact Plaintiff's claims of negligence, vicarious liability, and negligent hiring because Defendant McCollum allegedly caused the collision at issue while working for Defendant S&F Logistics.

Without Defendants additional information to support Plaintiff's claims and inform their trial strategy, Plaintiff faces prejudice.  This factor also weighs in favor of Plaintiff.

Turning to the third factor, to engage in "a history of dilatoriness" consists of "[e]xtensive or repeated delay or delinquency…such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders."  *Adams v. Trustees of the N.J. Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 874 (3d Cir. 1994).  Defendants have been consistently absent and hard-to-reach since March 8, 2022.  They missed noticed depositions in March of 2022.  The Court then compelled their appearance at depositions and their production of supplemental discovery responses.  Defendants violated the Court's Orders by failing to appear at their depositions and failing to supplement their discovery within the Court's deadlines.  It is significant defense counsel recognizes their clients' lack of responsiveness.  *See Drozd v. Padron*, No. 3:13-CV-2523, 2015 WL 507167, at *7 (M.D. Pa. Feb. 6, 2015).  And although defense counsel attempts to limit Defendants' violations to their deposition nonappearances, Defendants have consistently refused to effectively communicate with counsel, failed to appear at depositions, and violated the Court's orders compelling both their attendance at depositions and supplemental responses.  *See id.* (finding consistent refusal to communicate with counsel and failure to appear at scheduled depositions a sufficient history of dilatoriness).  This factor weighs in favor of Plaintiff.

Analyzing the fourth factor, where a party's conduct lacks a "reasonable excuse," courts consider the conduct willful.  *See Ramada Worldwide, Inc.*, 2012 U.S. Dist. LEXIS 53855 at *9 (finding willfulness where "[t]here is no evidence to suggest that the failure to produce discovery or comply with court orders resulted from inadvertence, neglect, or mistake.");  *Harrington v. All Am. Plazas, Inc.*, No. 08-3848, 2010 U.S. Dist. LEXIS 67583 at *9-10 (D. N.J. July 7, 2010) ("Courts find willfulness and bad faith where no reasonable excuse for the conduct in question

exists."). Defendants have not presented evidence showing their nonappearance and failure to fulfill the Court's Orders occurred for any reason other than their own intent. Nothing has been offered to explain their conduct. *Cf. Poulis*, 747 F.2d at 868-69 (finding plaintiff's counsel's behavior was not willful because, although he missed deadlines, no evidence suggested his delays occurred for any reason other than his and his wife's poor health); *Emerson v. Thiel Coll.*, 296 F.3d 184, 191 (3d Cir. 2002) (finding bad faith because the conduct went beyond mere negligence or inadvertence). It is likely Defendants act willfully as they are uncooperative with their own counsel and have failed to appear for numerous months. This factor also weighs in Plaintiff's favor.

The fifth factor requires the court to evaluate the effectiveness of alternative sanctions. *Poulis*, 747 F.2d at 869. "Where an attorney has caused the delay and noncompliance in proceedings, it would not be justified to dismiss an action." *Weinhofer v. Weis Markets, Inc.*, No. 15-CV-05002, 2016 WL 7474480, at *7 (E.D. Pa. Dec. 29, 2016) (citing *Emerson*, 296 F.3d at 191). Here, Defendants fail to appear for depositions nor provide supplemental discovery responses despite the Court's Orders. Their behavior has persisted for numerous months and continues despite a quickly approaching trial date. The Court has no reason to expect a change in Defendants conduct moving forward. Moreover, Defendants fail to maintain communication with their own counsel. The personal failures of the parties—not their counsel—prevent Plaintiff from accessing information necessary to prove their claims. Therefore, the Court finds the most effective sanction is to preclude Defendants from contesting liability as to the claims against them.

Lastly, under *Poulis*, a claim has merit when the allegations in the pleadings "would support recovery by the plaintiff." *Poulis*, 747 F.2d at 870. "The meritoriousness factor is neutral and not dispositive." *Weinhofer*, 2016 WL 7474480, at *7 (citing *Emerson*, 296 F.3d at 192).

Plaintiffs have only made facially meritorious claims.  It is difficult to address the sixth factor as the limited factual discovery offered by Defendants frustrates an assessment on the meritoriousness of Plaintiff's claim their injuries were caused, in whole or in part, by Defendants' negligence.  *See Harrington*, 2010 U.S. Dist. LEXIS 67583 at *12 (declining "to address the sixth and final *Poulis* factor" where party's "failure to defend itself properly in this action makes an evaluation of the merits impossible."); *see also Weinhofer*, 2016 WL 7474480, at *7 (E.D. Pa. Dec. 29, 2016) (failing to determine the meritoriousness of plaintiff's claim based on the evidence on the record).  So the Court is unable to ascertain whether or not Plaintiffs' claims may be considered meritorious.

In sum, the Court's analysis shows that all but one *Poulis* factor weighs in Plaintiff's favor. The factors that clearly favor Plaintiff are Defendants' personal responsibility for their nonappearance, the prejudicial impact on Plaintiff, Defendants' history of dilatoriness, Defendants' willfulness, and the lack of alternative sanctions.  The only factor that is not in favor of Plaintiff is the meritoriousness of Plaintiff's claims at this time.  "While 'no single *Poulis* factor is dispositive,' [the U.S. Court of Appeals for the Third Circuit] ha[s] made it clear that 'not all of the *Poulis* factors need be satisfied in order to dismiss a complaint'" or enter default.  *Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008) (internal citations omitted).  The Court finds five of six *Poulis* factors provide an adequate foundation to enter default on liability against Defendants.[6]

---

[6]  The Court notes "[a] consequence of the entry of a default judgment is that "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990) (citing 10 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2688 at 444 (2d ed. 1983)).  "If the damages are not for a 'sum certain or for a sum which can be computation be made certain,' the 'court may conduct such hearings or order such references as it deems necessary and proper.'" *Id.* (internal citations omitted).

## V.      CONCLUSION

For the reasons discussed above, the Court concludes Plaintiff's Motion for Sanctions (ECF No. 46) is properly granted in part.  Pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(vi), default judgment on liability is entered against Defendants.  The Court will separately issue a scheduling order regarding proceeding on the issue of damages under Federal Rule of Civil Procedure 55(b)(2).  An appropriate order will be filed simultaneously with this action.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge